OPINION
This matter presents a timely appeal from a judgment rendered by the Monroe County Common Pleas Court, denying the petition for post-conviction relief filed by defendant-appellant, David Christman.
At the outset, it must be noted that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18(C), this court may accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment if appellant's brief reasonably appears to sustain such action.
On October 31, 1996, a jury convicted appellant of murdering his wife, Rena Christman, and he was subsequently sentenced to an indefinite incarceration term of fifteen years to life. Appellant filed a direct appeal to this court which resulted in an affirmance of the trial court's decision. State v. Christman (May 28, 1999), Monroe App. No. 786, unreported.
Shortly thereafter, appellant filed a timely petition for post-conviction relief pursuant to R.C. 2953.21, raising eight claims for relief. Said petition was denied by the trial court without an evidentiary hearing pursuant to a judgment entry dated September 16, 1999. From that decision, appellant filed the present appeal. However, on December 23, 1999, appellant submitted a motion to file a supplemental brief with this court. Said motion was granted pursuant to a journal entry dated February 1, 2000.
Appellant sets forth three assignments of error on appeal.
Appellant's first assignment of error alleges:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DISMISSING THE TIMELY FILED PETITION FOR POSTCONVICTION RELIEF WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING PURSUANT TO RC 2953.21(E)."
Appellant asserts that the trial court erred in failing to conduct an evidentiary hearing on the substantive issues presented in his petition for post-conviction relief and, thus, asks this court to remand this matter back to the trial court with instructions to conduct such a hearing in accordance with R.C. 2953.21(E).
A post-conviction hearing is a civil proceeding governed by R.C. 2953.21, and as such, a petitioner receives no more rights than those granted by the statute. State v. Calhoun (1999), 86 Ohio St.3d 279, 281, citingState v. Steffen (1994), 70 Ohio St.3d 399. Before a court grants an evidentiary hearing on a petition for post-conviction relief, "* * * the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(C). If the trial court does not find substantive grounds for granting relief, it must file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. R.C. 2953.21(G).
In State v. Palmer (Oct. 20, 1999), Belmont App. No. 96-BA-70, unreported, this court held that:
 "A petition for post-conviction relief may be filed by one convicted of a criminal offense who believes his conviction is void or voidable due to an infringement of his constitutional rights. See, R.C. 2953.21(A)(1). A trial court shall not grant a hearing on a petition for post-conviction relief unless there exists substantive grounds for relief. See R.C. 2953.21(C) * * *"
Accordingly, "post-conviction relief is appropriate only when it concerns errors based upon facts and evidence dehors, i.e. outside the record." State v. Harman (Dec. 7, 1999), Mahoning App. No. 98 CA 34, unreported, citing State v. Cole (1982), 2 Ohio St.3d 112, 114.
As a result, a petitioner is precluded from raising those claims which are based upon alleged errors that are evidenced in the record. Harman,supra. For example, if "[the] petitioner alleges ineffective assistance of counsel, the allegations must be shown to have occurred off the record." Palmer, supra, citing to State v. Cooperrider (1983),4 Ohio St.3d 226, 228, for the premise that "res judicata does not apply to those claims of ineffective assistance of counsel which are based upon facts not appearing in the record".
Therefore, in Palmer, supra, this court acknowledged that, "a petitioner is not automatically entitled to a hearing. State v. Jackson
(1980), 64 Ohio St.2d 107, 110. The trial court has a duty to confirm that the petitioner advance enough evidence to warrant a hearing. Statev. Cole (1982), 2 Ohio St.3d 112, 113." Furthermore, the Ohio Supreme Court has stated that, "`where a claim raised by a petitioner for postconviction relief under R.C. 2953.21 is sufficient on its face to raise an issue that petitioner's conviction is void or voidable on constitutional grounds, and the claim is one which depends upon factual allegations that cannot be determined by examination of the files andrecords of the case, the petition states a substantive ground for relief'." State v. Kapper (1983), 5 Ohio St.3d 36, 37 [Emphasis added] (reaffirming State v. Milanovich (1975), 42 Ohio St.2d 46).
Furthermore, a trial court's denial to hear such matters will only be reversed upon a showing of an abuse of discretion. (See, State ex rel.Richard v. Seidner (1996), 76 Ohio St.3d 149). "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151.
In the present case, appellant claims that the trial court erred in dismissing his post-conviction motion for relief by failing to conduct an evidentiary hearing on the matter. However, as was stated, appellant was not automatically entitled to such hearing. (See, Palmer, supra). Moreover, appellant has failed to demonstrate that the substantive issues currently raised fall outside of the record. (See, Harman, supra andKapper, supra). Appellant also failed to provide the requisite evidentiary documents containing sufficient operative facts apart from those found within the record. Kapper, supra. Accordingly, the trial court, pursuant to R.C. 2953.21(G), filed the required findings of fact and conclusions of law in ultimately denying appellant's requested relief. Therefore, based upon appellant's petition, the records pertaining to the proceedings and the trial court's judgment entry filed September 16, 1999, it cannot be said that the trial court abused its discretion. (See, Seidner, and Adams, supra).
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN NOT RENDERING FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ITS JUDGMENT ENTRY DATED SEPTEMBER 16, 1999, DENYING POSTCONVICTION RELIEF."
Appellant's assertion that the trial court failed to file findings of fact and conclusions of law is misguided. As was stated in appellant's first assignment of error, the record contains the trial court's requisite findings of fact and conclusions of law pursuant to R.C.2953.21(G). The trial court provided a comprehensive compilation of facts and applicable law, sufficient to allow this court to discern its basis for denying appellant's petition.
Therefore, appellant's second assignment of error is found to be without merit.
Appellant's third assignment of error alleges:
 "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN DISMISSING THE POSTCONVICTION PETITION WITHOUT CONDUCTING AN EVIDENTIARY HEARING PURSUANT TO R.C. 2953.21 (E) AND COMMITTED ERROR IN NOT GRANTING THE RELIEF REQUESTED WITHIN THE PETITION AS THE PETITION STATED SUFFICIENT CONSTITUTIONAL CLAIMS AND WAS SUPPORTED BY ADEQUATE DOCUMENTARY EVIDENCE TO WARRANT VACATION OF THE CONVICTION AND SENTENCE AS A MATTER OF LAW."
 The Ohio Supreme Court has held, "that a convicted defendant is precluded under the doctrine of res judicata, from raising and litigating in any proceeding, except an appeal from judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment or conviction, or on an appeal from judgment." State v. Szefcyk (1996), 77 Ohio St.3d 93, 95; (reaffirming its holding in State v. Perry (1967), 10 Ohio St.2d 175
at paragraph nine of the syllabus).
The record indicates that appellant's post-conviction petition contains claims that were initially raised on direct appeal. (See, Christman,supra). As the record reveals, appellant's current allegations again focus on ineffective assistance of counsel and prosecutorial misconduct.Christman, supra. Considering these claims were previously adjudicated by this court, appellant is precluded from raising such issues for the purposes of this appeal under the doctrine of res judicata. Szefcyk,supra; Palmer, supra.
Appellant's third assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., concurs, Vukovich, J., concurs.