WALTERS, APPELLEE, *v.*
WALTERS, APPELLANT.

(No. 82AP-282—Decided July 29, 1982.)

*Mr. Mark Sladoje, Jr.,* for plaintiff-appellee Janet A. Walters.

*Mr. Steven E. Hillman,* for defendant-appellant Richard L. Walters, Jr.

WHITESIDE, P.J. Defendant, Richard L. Walters, Jr., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and raises a single assignment of error, as follows:

"The court erred in dismissing the defendant's case prior to the close of said defendant's case in violation of Rule 50(A)(1) of the Ohio Rules of Civil Procedure."

By her amended complaint, plaintiff, Janet A. Walters, sought a divorce from defendant. By a cross-complaint, defendant sought a divorce from plaintiff. Immediately prior to trial, plaintiff dismissed her complaint, and the trial proceeded upon defendant's cross-complaint for divorce. At the conclusion of defendant's testimony, the trial court granted plaintiff's motion for dismissal.

Although defendant has referred to Civ. R. 50(A)(1), the rule applicable to jury trials, the appropriate rule is Civ. R. 41(B)(2), which does not change the nature of the issue before us since that rule provides that the motion to dismiss may be made after the "plaintiff [defendant upon his cross-complaint in this case] has completed the presentation of his evidence." Here, defendant had not completed the presentation of his evidence, and the motion and the granting thereof were both premature, and to this extent the trial court erred.

However, the existence of error does not necessarily require reversal of the judgment since it is incumbent upon the appellant to demonstrate prejudice resulting from the error. Error of the nature herein involved must be disregarded unless it affected the substantial rights of the parties. See Civ. R. 61. In granting the motion to dismiss, the trial court stated in part:

"* * * you can have all the corroboration in the world to facts stated by your client, the Defendant in this case, but even assuming that his testimony was one hundred percent corroborated, the Court does find that he has not stated grounds for a divorce to the Court. He's alleged in his cross-complaint that his wife was guilty of gross neglect of duty and extreme cruelty. While there might have been some neglect on her part towards him, or he might even give it as cruelty towards him, the Court cannot find that the neglect was either gross or the cruelty was extreme."

Defendant testified that there had

been irreconcilable differences and conflict between him and plaintiff for some time and that he had voluntarily left the family residence. He further testified that approximately two weeks prior to the hearing he had attempted to return but was told to leave and that plaintiff still refuses to live with him. Defendant's counsel stated in his proffer that the additional evidence he would have presented would have consisted of plaintiff's testimony that she in the past has and now refuses to cohabitate with defendant and would have presented corroborating testimony from defendant's brother to this effect.

Upon a motion to dismiss pursuant to Civ. R. 41(B)(2), the trial court was entitled to weigh the evidence. Here, the trial court did not abuse its discretion or err in finding that any neglect of plaintiff which was demonstrated had not been gross, and that any cruelty of plaintiff which was demonstrated had not been extreme. Living separately for an extended period of time is a separate ground of divorce in itself. Defendant has not contended any error in the basis for denial of his divorce but, instead, relies solely upon the technical error as to the timing of the decision. However, defendant has demonstrated no prejudice resulting from the premature consideration and granting of the motion to dismiss. Accordingly, the assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

NORRIS and STEPHENSON, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting by designation in the Tenth Appellate District.