TWINSBURG BANKING COMPANY, APPELLEE, *v.* RHEA CONSTRUCTION CO., INC. ET AL., APPELLANTS.

(Nos. 10888 and 10891—Decided March 30, 1983.)

*Mr. R. Andrew Richner,* for appellee.
*Mr. Jerome M. Dachman,* for appellants Joseph A. Rhea and Rhea Construction Co., Inc.
*Mr. Bruce L. Meilznier,* for appellant Joseph R. Latina.

GEORGE, J. Appellants, Rhea Construction Company, Inc., Joseph Rhea, and Joseph Latina appeal the trial court's decision in overruling their Civ. R. 60(B) motion for relief from a cognovit judgment. This decision is reversed and the cause is remanded.

In October 1981, appellants defaulted on two cognovit notes held by appellee, the Twinsburg Banking Company. On June 8, 1982, appellee took judgment by the use of the warrant of attorney to confess judgment in the notes. On July 23, 1982, appellants moved for relief from judgment pursuant to Civ. R. 60(B)(3). Both the appellants and appellee filed briefs and affidavits. On September 14, 1982, the trial court denied the motion for relief from judgment without holding an evidentiary hearing.

Appellants essentially assert the following assignments of error:

"I. The trial court erred in its application of *GTE Automatic Electric* v. *ARC Industries* to the motion for relief from judgment.

"II. The trial court erred in not granting the defendants a hearing on their motion for relief from the cognovit judgment.

"III. The trial court erred in granting an excessive judgment on the cognovit notes.

"IV. The trial court erred in allowing any judgment on the cognovit notes for the notes were void due to their provision for usurious interest."

The threshold issue is whether appellants were entitled to a hearing on their motion to vacate the judgment under Civ. R. 60(B). In determining

whether the court abused its discretion in denying a hearing, this court must apply the facts of this case to the standard established in *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97, at 105 [68 O.O.2d 251]:

"If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion. This is proper and is not an abuse of discretion. If under the foregoing circumstances, the trial court does not grant a hearing and overrules the motion without first affording an opportunity to the movant to present evidence in support of the motion, its failure to grant a hearing is an abuse of discretion. *Matson* v. *Marks, supra* [(1972), 32 Ohio App. 2d 319, 61 O.O.2d 476], at 327. * * *"

Civ. R. 60(B)(3) permits relief from a judgment obtained by fraud. Appellants' brief and supporting affidavit alleged operative facts to establish fraud in the execution of the note. However, these facts were contradicted by appellee's brief and supporting affidavit. The trial court had before it competing affidavits and these appeared equally persuasive on their face.

A finding in favor of appellee cannot be based solely on weighing the conflicting affidavits presented here. An evidentiary hearing must be held to allow appellants the opportunity to verify their claim of fraud. The trial court would then have the opportunity to properly evaluate the credibility of appellants' allegations. Any doubts as to the truth of the allegation of fraud should be resolved in favor of granting relief so that the case may be tried on its merits. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86].

Finally, there is no requirement that the lower court set forth findings of fact in support of its decision. However, doing so would provide a reviewing court with an objective basis for determining if the trial court abused its discretion in granting or denying the Civ. R. 60(B) motion. *Adomeit* v. *Baltimore, supra.*

Accordingly, this court holds that it was an abuse of the trial court's discretion in overruling appellants' Civ. R. 60(B) motion without first holding a hearing. The assignments of error regarding denial of Civ. R. 60(B) relief, excessive judgments, and usurious interest rates are matters which are premature in view of the finding that an evidentiary hearing is required.

The judgment is reversed and the cause is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and BAIRD, J., concur.