DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 Appellants Kenneth and Barbara Riley appeal the judgment of the Summit County Court of Common Pleas denying their motion for relief from judgment. Appellants argue that the trial court erred by denying their Civ.R. 60(B) motion without a hearing because their motion, and Mr. Riley's affidavit in support thereof, presented operative facts that supported the relief sought. This Court affirms the judgment of the trial court.
This action arose out of a land contract entered into by Appellants and Appellees, Rena Nash and Mary Kemp. Appellees originally filed an action to quiet title in the Akron Municipal Court that was dismissed based upon lack of jurisdiction. On April 2, 1998, Appellees filed a complaint in the Summit County Court of Common Pleas for breach of contract, an accounting, and specific performance. A summons and a copy of this complaint were served upon Appellants via regular mail on April 30, 1998. Appellants retained counsel on June 2, 1998, for purposes of representation in this lawsuit. Appellants failed to file an answer to the complaint within the prescribed twenty-eight day limit. Appellees then moved for default judgment on June 4, 1998, after Appellants had retained counsel. The trial court granted the motion and entered a default judgment on June 8, 1998. On June 26, 1998, Appellants moved the trial court for relief from judgment pursuant to Civ.R. 60(B). Appellants argued that they failed to contact an attorney because they mistakenly relied upon the Akron Municipal Court judgment dismissing the action, and were unaware that another action could be filed. Appellees responded to the motion. On July 29, 1998, the trial court denied Appellants' Civ.R. 60(B) motion upon finding that Appellants failed to demonstrate that they had a meritorious defense, and failed to establish that they were entitled to relief pursuant to any of the grounds enumerated in Civ.R. 60(B) (1)-(5). This appeal followed.
Assignment of Error
 The trial court erred in failing to grant [Appellants'] Motion for Relief from Judgment without a hearing.
Appellants contend that the trial court erred by denying their motion for relief from judgment pursuant to Civ.R. 60(B) because it failed to hold an evidentiary hearing when they had presented operative facts demonstrating that they were entitled to relief. This assertion is without merit.
In order to prevail on a motion brought pursuant to Civ.R. 60(B),
 the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60 (B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. These requirements are independent and must all be established by the movant. Cooper v.Cooper (Nov. 4, 1998) Medina App. No. 2741-M, unreported at 5. Although Civ.R. 60(B) is generally construed liberally, see Kay v.Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, if the movant fails to satisfy any of these three requirements, the motion must be denied. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20.
When reviewing a trial court's judgment on a Civ.R. 60(B) motion, an appellate court must consider only whether the trial court abused its discretion. Quebodeaux v. Quebodeaux (1995),102 Ohio App.3d 502, 504. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying this standard, an appellate court may not substitute its judgment for that of the trial court.
S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661, 667.
In the instant case, the record is devoid of any operative facts that would entitle Appellants to relief under Civ.R. 60(B). Appellants fail to demonstrate that if granted relief they would have a meritorious defense to Appellees' claims. Mr. Riley's affidavit in support of Appellants' Civ.R. 60(B) motion fails to indicate what defense, if any, to Appellees' claims would be available. Simply asserting that they did not intend to waive their challenge to Appellees' claims is not sufficient to warrant relief pursuant to Civ.R. 60(B). As noted by the trial court, the Akron Municipal Court judgment dismissing the original complaint was based upon jurisdictional grounds, and Appellants should have anticipated that the case would be refiled in the appropriate forum. Assuming that the municipal court's judgment foreclosed any further action by Appellees borders on incompetence. This conclusion is further buttressed by counsel for Appellants' failure to request leave to file an answer, or take any action, until after default judgment had been rendered. A simple review of the complaint should have made it apparent to counsel for Appellants that the twenty-eight day time period to file an answer had elapsed, thereby necessitating immediate action. However, Appellants made no attempt to address Appellees' complaint until default judgment had been entered.
Nonetheless, Appellants contend they are entitled to relief based upon excusable neglect pursuant to Civ.R. 60(B) (1). Relief from judgment may be granted under Civ.R. 60(B) (1) for "mistake, inadvertence, surprise or excusable neglect." What constitutes "excusable neglect" is determined from all the surrounding facts and circumstances. See Miami Sys. Corp. v. Dry Cleaning ComputerSys., Inc. (1993), 90 Ohio App.3d 181, 185. Appellants' reliance upon the municipal court's judgment in support of their claim of excusable neglect for not contacting an attorney, or taking any action, is not a sufficient basis to establish excusable neglect. The judgment entry of the municipal court clearly stated that Appellees had to present their claims in the appropriate forum. Appellants retained an attorney after the time had run for filing an answer, but prior to Appellees moving for default judgment and the trial court's entry of default judgment in favor of Appellees. Appellants had ample opportunity to request leave to file an answer prior to the motion and entry of default judgment. Their failure to so act does not amount to excusable neglect. Accordingly, the trial court did not abuse its discretion by determining that Appellants failed to establish excusable neglect that would justify relief pursuant to Civ.R. 60(B).
Based upon our conclusion that Appellants failed to meet the requirements set forth in GTE Automatic Elec., supra, that would entitle them to relief, the trial court did not act unreasonably by failing to hold a hearing on Appellant's motion. In TwinsburgBanking Co. v. RHEA Constr. Co. (1983), 9 Ohio App.3d 39, this Court held that "`[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'" Id. at 40, quoting Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 105. In the instant case, the trial court reasonably determined that Appellants failed to present any operative facts that would warrant relief, and, therefore, an evidentiary hearing was not required.
It was incumbent upon Appellants to set forth grounds that would entitle them to relief. GTE Automatic Elec., supra,47 Ohio St. 2d at 151. Appellants failed to set forth any operative facts demonstrating that they were entitled to relief pursuant to Civ.R. 60(B). Therefore, we cannot conclude that the trial court acted arbitrarily, unreasonably or unconscionably by denying their motion for relief. Appellant's assignment of error is overruled.
Appellants' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT
BAIRD, P. J.
SLABY, J.
CONCUR