DECISION AND JUDGMENT ENTRY
General Motors Corporation ("GM") appeals the decision of the Ross County Court of Common Pleas, which denied its motion for relief from a default judgment entered against it. GM advances several arguments in support of its assertion that the trial court erred in granting the default judgment. Because GM could have raised these arguments in a direct appeal, we do not reach the merits of these arguments. GM also argues that the trial court erred in denying its motion for relief from judgment. Because the trial court denied GM's motion based upon the lack of evidence supporting the allegations in its motion, but never required GM to submit such evidence, we agree. Accordingly, we reverse the judgment of the trial court.
 I.
On March 28, 2000, Richard and Rosemary Garrison filed a complaint against GM seeking damages under the Consumer Sales Practices Act ("the Act"). The Garrisons' allegations centered on GM's alleged failure to provide a replacement part for their car's airbag within a reasonable time. The clerk sent a copy of the complaint and a summons to a GM post office box in Lansing, Michigan. GM did not respond to the complaint. On May 1, 2000, the Garrisons filed a motion for default judgment. On May 8, 2000, the trial court ordered a hearing so that the Garrisons could prove damages. The Garrisons waived their right to a jury and filed an amended demand for judgment. After the hearing, the trial court awarded $24,144 in compensatory damages and found that under the Act, the Garrisons were entitled to treble damages and reimbursement for their attorney's fees. On May 17, 2000, the trial court entered a judgment against GM for $77,432.
On July 3, 2000, GM filed a motion for relief from judgment alleging that it had failed to respond to the complaint because of a mistake, inadvertence or excusable neglect. In its supporting memorandum GM alleged that: (1) GM employees forwarded the complaint to a Business Resource Center ("BRC") in Florida; (2) the BRC evaluates and responds to customer complaints, including lawsuits; (3) a BRC employee, Kim Marcus, was in charge of the complaint; (4) Marcus assumed that someone had already forwarded a copy of the complaint to an attorney in Ohio; (5) when Marcus left GM in May, 2000 because of a reorganization of the BRC, another BRC employee took over the case; (6) a supervisor reviewed Marcus' work upon her departure and faxed a copy of the complaint to GM's legal staff in Detroit, Michigan; and (7) the legal staff forwarded the complaint to GM's Ohio counsel. GM asserted that it had valid defenses to the complaint. GM denied that it owed the Garrisons' any duty, breached any such duty, or caused any damage to the Garrisons. GM also asserted in the supporting memorandum that the Garrisons' damages should be limited to the cost of a rental car even if GM was liable. GM explained that its employees' mistakes were excusable because the BRC was reorganized around the time it received the complaint and because the Garrisons did not serve GM's statutory agent.
The trial court notified the parties that there would be a hearing on July 11, 2000, but did not specify that it would be an evidentiary hearing. At the hearing, GM advanced the arguments found in its memorandum. The trial court announced its decision to deny GM's motion. In so doing, the trial court noted that GM had not supported its assertions with any evidentiary materials. In its entry, the trial court noted that in spite of having two opportunities to do so (the motion and the hearing), GM failed to offer any evidence in support of its assertion that it failed to respond to the complaint because of a mistake or excusable neglect. The trial court found that there was insufficient evidence to demonstrate excusable neglect. Thus, the trial court denied GM's motion.
GM appeals and asserts the following assignments of error:
 I. The trial court erred when it found that [GM] had been properly served.
 II. The trial court's award of compensatory damages was excessive.
 III. The trial court erred when it ordered that [GM] must rescind Plaintiff's contract to buy the car from Vitatoe Motors.
 IV. The trial court erred when it found that [GM] violated [the Act].
V. The trial court erred when it awarded treble damages.
 VI. The trial court erred when it refused to grant [GM] relief from default judgment pursuant to [Civ.R.] 60(B).
 II.
In its first five assignments of error, GM disputes the trial court's grant of default judgment.
"A party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." Doe v. Trumbull Cty. Children Services Bd. (1986),28 Ohio St.3d 128, paragraph two of the syllabus. Through these five assignments of error, GM challenges the correctness of the trial court's decision to grant a default judgment. GM could have raised these issues on a direct appeal. Therefore, we will not address them in this appeal, which concerns only the trial court's decision on GM's Civ.R. 60(B) motion. Blasco v. Mislik (1982), 69 Ohio St.2d 684. Accordingly, we overrule GM's first five assignments of error.
 III.
In its sixth assignment of error, GM argues that the trial court erred in denying its motion for relief from judgment. GM asserts that the trial court erred in imposing a requirement that a party moving for relief from judgment under Civ.R. 60(B) support its assertions with evidentiary materials after the hearing. GM also asserts that there is no such requirement.
In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. State ex rel.Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, citing RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes conduct that is unreasonable, arbitrary, or unconscionable. State ex rel. Richard at 151, citing State ex rel.Edwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106,107.
In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. RoseChevrolet at 20, citing GTE Automatic Electric v. ARC Industries (1976), 57 Ohio St.3d 146[47 Ohio St.3d 146], paragraph two of the syllabus; see, also, Buckeye Fed. S. L. Assn. v. Guirlinger
(1991), 62 Ohio St.3d 312, 314. If any of these three requirements is not met, the motion should be overruled. RoseChevrolet at 20, citing Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351; Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578.
Furthermore, if the movant files a motion for relief from judgment and it contains allegations of operative facts that warrant relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify those facts before it rules on the motion. Coulson v. Coulson
(1983), 5 Ohio St.3d 12, 16. In other words, the movant is entitled to an evidentiary hearing only where the Civ.R. 60(B) motion for relief from judgment and attached evidentiary material contain allegations of operative facts that would warrant relief under Civ.R. 60(B). In theMatter of Shell (Oct. 2, 1992), Fairfield App. No. 12CA92, unreported, citing Twinsburg Banking Co. v. Rhea Constr. Co. (1983), 9 Ohio App.3d 39. However, an evidentiary hearing is not required "where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." State ex relRichard at 151, citing S. Ohio Coal Co. v. Kidney (1996),100 Ohio App.3d 661, 667.
"* * * Civ.R. 60 (B) does not require the submission of affidavits with a motion for relief from judgment, and the movant is not required to submit affidavits, or other evidence, in support of such motion until required to do so by rule or order of the trial court." E.A. Cox, Inc.v. Moore (Apr. 29, 1987), Scioto App. No. 1613, unreported, quotingMatson v. Marks (1972), 32 Ohio App.2d 319, paragraph five of the syllabus. See, also, Rose Chevrolet, supra; Bennington v. Bennington
(Oct. 13, 2000), Scioto App. No. 99CA2686, unreported (trial court erred in finding that Civ.R. 60(B) movant's allegations must be "sworn").
Here, the trial court did not order GM to support its motion with evidentiary materials. There is no indication that the trial court has a local rule requiring parties to submit evidence that supports the allegations in a Civ.R. 60(B) motion. We find that the trial court erred in denying GM's motion on the sole basis that it failed to submit evidence to support the allegations in its Civ.R. 60(B) motion.[1] RoseChevrolet; Matson; Bennington; E.A. Cox. Therefore, we find that the trial court abused its discretion in denying GM's motion. Accordingly, we sustain GM's sixth assignment of error.
 IV.
In sum we overrule GM's first, second, third, fourth and fifth assignments of error, sustain its sixth assignment of error, reverse the judgment of the trial court, and remand this case to the trial court for proceedings consistent with this opinion.
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.
 _____________________ Roger L. Kline, Judge
[1] We note that on remand the trial court may make such an order. See, Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16 (trial court should grant a hearing to take evidence and verify those facts before it rules on a Civ.R. 60(B) motion).