DECISION AND JUDGMENT ENTRY
Steve Heskett appeals the Athens County Court of Common Pleas' denial of his motions for relief from judgment. Heskett alleges that the trial court erred in denying him an evidentiary hearing. Because we find that Heskett's motions failed to contain allegations of operative facts that would have warranted relief under Civ.R. 60(B)(2) or (3), we disagree. Heskett next argues that the trial court erred in denying his motion for relief from judgment. Because we find that the trial court did not act unreasonably, arbitrarily or unconscionably in doing so, we disagree. Heskett complains that the trial court erred in failing to enforce timely notice provisions. Because Heskett failed to allege any prejudice due to his alleged failure to receive timely notices, we find that any error is harmless. Lastly, Heskett argues that the trial court erred in failing to prevent abuses by Simms' trial attorney. Because Heskett failed to allege any prejudice due to these alleged abuses, we find that any error by the trial court in this regard is harmless. Accordingly, we affirm the judgment of the trial court.
 I.
Simms filed a complaint alleging breach of a construction contract against Heskett. Heskett counterclaimed against Simms and divided his counterclaim into a first claim and a second claim. The court held a trial and found that Heskett did not construct the building in a workmanlike manner. As a result, the trial court awarded Simms damages of approximately twenty-two thousand dollars. The trial court dismissed Heskett's first counterclaim. Heskett appealed. We determined that Heskett did not appeal a final appealable order because the trial court failed to rule on Heskett's second counterclaim, and dismissed the appeal. Simms v. Heskett (Mar. 3, 2000), Athens App. No. 99CA28, unreported.
On remand, the trial court entered judgment against Simms on the remaining counterclaim on April 19, 2000. Heskett again appealed, arguing that the trial court erred in overruling a motion for directed verdict and that the verdict against him was against the manifest weight of the evidence. We rejected both of Heskett's arguments and affirmed the judgment of the trial court. Simms v. Heskett (Sep. 18, 2000), Athens App. No. 00CA20, unreported.
On October 19, 2000, Simms filed a motion for a judgment debtor examination. On October 23, 2000, the trial court set a hearing on this motion for November 13, 2000.
On February 8, 2001 the trial court filed an entry indicating that Heskett filed two attached motions in a related case when they should have been filed in this case. The motions were for relief from judgment and for a stay of all proceedings.
On April 2, 2001, Heskett filed a second motion for relief from judgment pursuant to Civ.R. 60(B) on the basis of newly discovered evidence and fraud on the part of Simms. He argued that Simms committed perjury by denying that the building at issue was to be used for commercial purposes and that Simms' use of the building for commercial purposes should be considered. On April 20, 2001, the trial court set a non-evidentiary hearing for April 26, 2001.
On May 3, 2001, the trial court rescheduled the non-evidentiary hearing for May 30, 2001. At the hearing, Heskett did not appear, but his counsel did. Heskett argued that Simms committed perjury at the trial by claiming that the building at issue was not going to be used for commercial purposes. The trial court orally denied the motion and commented that whether the building was intended for commercial purposes had no bearing on whether the building was completed in a workmanlike manner.
On May 31, 2001, the trial court denied Heskett's motions for relief from judgment and for a stay of proceedings. Heskett filed a motion for written findings of fact. The trial court denied the motion because during the May 31, 2000 hearing the court stated its reasons for denying the motion for relief from judgment. Heskett timely appealed. Heskett's brief failed to conform to App.R. 16. Most importantly, Heskett failed to assert assignments of error as required by App.R. 16(A)(3). However, in the interests of justice and because Heskett is pro se, we will consider his arguments in the absence of assignments of error. North CoastCookies, Inc. v. Sweet Temptations, Inc. (1984), 16 Ohio App.3d 342.
 II.
Heskett makes the following arguments: (1) the trial court erred in failing to hold an evidentiary hearing on his Civ.R. 60(B) motion; (2) the trial court erred in denying his Civ.R. 60(B) motion; (3) the trial court erred by failing to enforce timely notice requirements; (4) the trial court erred by failing to prevent Attorney Warren from abusing procedural rules and making false statements. We consider each argument in turn.
 A.
We begin our discussion by noting that App.R. 9(A) limits our consideration to "original papers and exhibits thereto filed in the trial court." Consequently we cannot consider the material appended to Heskett's brief that was not filed in the trial court. See State v.Callihan (1992), 80 Ohio App.3d 184, 197.
Heskett argues that the trial court erred in failing to hold an evidentiary hearing on his motion because he had affidavits signed by people who would have refuted Simms' trial testimony if they had been permitted to testify at an evidentiary hearing. He further asserts that Simms committed perjury at the trial by testifying that he did not intend the building at issue to be a commercial building.
Civ.R. 60(B) provides, in part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
* * *
 (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
 (3) fraud * * *, misrepresentation, or other misconduct of an adverse party; * * *.
 The motion shall be made within a reasonable time and for reasons (1), (2) and (3) not more than one year after the judgment * * * was entered or taken. * * *
In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. State ex rel.Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, citing RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes conduct that is unreasonable, arbitrary, or unconscionable. State ex rel. Richard at 151, citing State ex rel.Edwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106,107.
In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. RoseChevrolet at 20, citing GTE Automatic Electric v. ARC Industries (1976),57 Ohio St.3d 146, paragraph two of the syllabus; see, also, BuckeyeFed. S. L. Assn. v. Guirlinger (1991), 62 Ohio St.3d 312, 314. If any of these three requirements is not met, the motion should be overruled.Rose Chevrolet at 20, citing Svoboda v. Brunswick (1983), 6 Ohio St.3d 348,351; Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578.
Civ.R. 60(B)(2) applies only to new evidence that was in existence at the time of the trial. See, e.g., Aetna Cas. Sur. Co. v. AmericanCentennial Ins. Co. (Jan. 24, 1990), Hamilton App. No. C-889214, unreported. The movant must show how the newly discovered evidence could not have been discovered in a timely manner with due diligence. Wiley v.National Garages, Inc. (1984), 22 Ohio App.3d 57 (appellant failed to show that information provided in affidavits that called appellee's answers to interrogatories into question could not have been timely discovered with due diligence). An adverse party's perjurious testimony may be grounds for relief under Civ.R. 60(B)(3). Hartford v. Hartford
(1977) 53 Ohio App.2d 79, 84.
Perjury is knowingly making a false material statement under oath or affirmation. R.C. 2921.11(A). "A falsification is material* * * if it can affect the course or outcome of the proceeding." R.C. 2921.11(B).
If a person files a motion for relief from judgment and the motion contains allegations of operative facts that warrant relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify those facts before it rules on the motion. Coulson v. Coulson (1983),5 Ohio St.3d 12, 16. In other words, the movant is entitled to an evidentiary hearing only where the Civ.R. 60(B) motion for relief from judgment and attached evidentiary material contain allegations of operative facts that would warrant relief under Civ.R. 60(B). In theMatter of Shell (Oct. 2, 1992), Fairfield App. No. 12CA92, unreported, citing Twinsburg Banking Co. v. Rhea Constr. Co. (1983), 9 Ohio App.3d 39. However, an evidentiary hearing is not required "where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." State ex relRichard at 151, citing S. Ohio Coal Co. v. Kidney (1996),100 Ohio App.3d 661, 667.
We find that the trial court did not act unreasonably, arbitrarily, or unconscionably in denying Heskett an evidentiary hearing. At the non-evidentiary hearing, Heskett's attorney argued that Simms committed perjury by testifying that the building at issue was not intended as a commercial building. In his pro se motion for relief from judgment, Heskett made the same arguments. In the proceedings below, Heskett did not show how his newly discovered evidence, the alleged testimony of individuals that would have contradicted Simms' testimony, could not have been discovered in a timely manner with due diligence. Further, evidence of activity after the trial, such as the allegations of investigation into Simms' failure to get the proper approval to use the building at issue as a commercial building, cannot be newly discovered evidence. Finally, the trial court implicitly found that even if Simms lied about whether he intended to use the building for commercial purposes, the statement was not material to the proceeding because the trial court found that even if Simms lied about the commercial nature of the building, the lie wouldn't have affected its decision in any way because the lie did not go to whether the building was built in a workmanlike manner. Thus, Heskett's motions failed to contain allegations of operative facts that would have warranted relief under Civ.R. 60(B)(2) or (3). Thus, we find that the trial court did not abuse its discretion in failing to grant an evidentiary hearing on Heskett's motions.
For the same reasons, we find that the trial court did not act unreasonably, arbitrarily, or unconscionably in denying Heskett's motions for relief from judgment. Thus, the trial court did not abuse its discretion in denying Heskett's Civ.R. 60(B) motions.
 B.
We next address Heskett's argument that the trial court erred by failing to enforce timely notice requirements. In his brief he complains that he was not properly notified of (1) the debtor's examination that occurred on April 20, 2000; (2) a motion to join Heskett Land Development at a motion to show cause hearing on June 19th, 2000; and (3) subpoenas issued in the original trial.
A trial court's error is harmless if the error does not prejudice the party complaining about it. See, Civ.R. 61. Errors are prejudicial only if they undermine substantial justice or the substantial rights of the parties. Id. The appellant has the burden to establish that any error is prejudicial. See Knor v. Parking Co. of America (1991), 73 Ohio App.3d 177,189; Walters v. Walters (1982), 4 Ohio App.3d 162.
Here, Heskett has failed to allege or show any prejudice as a result of any of the alleged improprieties regarding notice. Therefore, we reject his arguments.
 C.
We finally address Heskett's argument that the trial court erred by failing to prevent Simms' trial counsel from abusing procedural rules and making false statements.
Again, Heskett has failed to allege or show any prejudice as a result of any of the alleged improprieties of Simms' trial counsel. Moreover, the alleged improprieties occurred in the original trial, and should have been addressed in the appeal of the original trial. Therefore, we reject his arguments.
 III.
In sum, we find that the trial court did not abuse its discretion in failing to grant Heskett an evidentiary hearing on his Civ.R. 60(B) motions or in denying his Civ.R. 60(B) motions and that Heskett has failed to allege or show any prejudice he suffered as a result of the alleged notice errors or improprieties committed by Simms' trial counsel. Thus, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.