OPINION
Appellant-defendant Steven P. Graves [hereinafter appellant] appeals from the February 14, 2001, Judgment Entry of the Licking County Court of Common Pleas which overruled his Petition for Post-Conviction Relief [sic]. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 31, 2000, appellant was indicted on six counts: count one: attempted murder, in violation of R.C. 2903.02(A) and R.C. 2923.02(A)[1]; count two: aggravated burglary, in violation of R.C. 2911.11(A)(1)and/or (A)(2)[2]; count three: kidnaping, in violation of R.C. 2905.01(A) (3)[3]; count four: felonious assault, in violation of R.C. 2903.11(A)(1) and/or (A)(2)[4]; count five: domestic violence, in violation of R.C. 2919.25(A)[5]; and count six: endangering children, in violation of R.C. 2919.22(A)[6]. Counts one through five each included a gun specification, in accordance with R.C. 2929.14(D) and R.C. 2941.145.
The Bill of Particulars filed by the State of Ohio alleged the following: Barbara J. Vest [hereinafter Vest] was the ex-girlfriend of appellant. They had children together, including Devin and Kara Vest.[7]
On or about March 21, 2000, appellant was returning their son, Devin Vest, to Vest's home after an overnight visitation with appellant. Appellant armed himself with a .22 caliber rifle with the intent to confront Vest about his suspicions that Vest was having a relationship with one of appellant's friends. Upon arriving at Vest's apartment, Vest opened the door to allow Devin to enter. When it became evident that Vest did not wish to discuss her personal affairs with appellant, appellant pushed the door of Vest's apartment open and entered. As he did so, appellant displayed the rifle he was carrying. Vest repeatedly asked appellant to leave the apartment but appellant refused. These allegations were the basis of the count of aggravated burglary.
Once inside, appellant restrained Vest and/or removed her from various parts of her apartment to other parts of the apartment on the threat of being shot. The State alleged that he did so with the intent to terrorize Vest or to inflict harm to her. The State alleged that this conduct was the basis for the count of kidnaping.
During the course of the encounter, appellant made several threats to kill the victim which were heard by another resident of the apartment. In addition, appellant shot the victim several times.[8] It appeared, according to the victim, that many of the shots were deflected to her lower extremities as a result of her pushing the gun downward to avoid being hit in a more vital area of her body. The State alleged that this conduct was the basis for the count of attempted murder, the felonious assault count and the count of domestic violence. The State further alleged that appellant had a prior domestic violence charge.
During the encounter between appellant and Vest, two of appellant's children, Devin and Kara Vest, were near in proximity to the shooting. According to the Bill of Particulars, these children witnessed one or more of the shots that hit their mother. The State alleged the children were thereby jeopardized both physically and emotionally. This conduct was the basis for the count of endangering children.
Appellant was arraigned on April 3, 2000. At that arraignment, appellant entered a plea of not guilty to each count.
On June 21, 2000, appellant withdrew his previous pleas and entered an "Alford no contest" plea to attempted murder, with firearm specification; a guilty plea to aggravated burglary, with firearm specification; an "Alford no contest" plea to kidnapping, with firearm specification; a guilty plea to felonious assault, with firearm specification; an "Alford no contest" plea to domestic violence, with firearm specification; and an "Alford no contest" plea to child endangering.[9] A presentence investigation was ordered by the trial court.
A sentencing hearing was held on July 7, 2000. Appellant was sentenced by the trial court as follows: On count one, attempted murder, appellant was sentenced to a determinate sentence of eight years of imprisonment. On the corresponding firearm specification, appellant was sentenced to a determinate term of three years imprisonment, to be served consecutive with and prior to the eight year period imposed for attempted murder. On count two, aggravated burglary, appellant was sentenced to a determinate sentence of eight years in prison. On the related firearm specification, appellant was sentenced to three years, to be served consecutive with and prior to the eight year sentence imposed for aggravated burglary. On count three, kidnaping, appellant was sentenced to a determinate sentence of eight years imprisonment. On the corresponding firearm specification, appellant was sentenced to a determinate sentence of three years in prison, to be served consecutive with and prior to the eight year term of imprisonment imposed for kidnaping. On count four, felonious assault, appellant was sentenced to a determinate sentence of six years in prison. In addition, on the firearm specification, appellant was sentenced to a three year term of imprisonment, to be served consecutive with and prior to the six year sentence imposed for felonious assault. On count five, felony domestic violence, appellant was sentenced to a determinate sentence of nine months in prison. On the corresponding firearm specification, appellant was sentenced to a three year term of imprisonment, to be served consecutive with and prior to the nine month sentence imposed for felonious assault. On count six, endangering children, appellant was sentenced to six months in the Licking County Justice Center. The trial court ordered that the sentences imposed in counts one through six be served concurrently.
On January 31, 2001, appellant filed a pro se Petition for Post-Conviction Relief, pursuant to R.C. 2953.21. Appellant contended that the offenses for which he had been convicted and sentenced were allied offenses of similar import and were based upon one single episodic event. Appellant argued that the trial court failed to act in compliance with R.C. 2941.25 when it failed to hold a hearing to determine whether appellant could or could not be convicted or sentenced on each of the offenses. Further, appellant alleged that he received ineffective assistance of counsel when his counsel failed to raise an objection in the trial court, pursuant to this alleged violation of R.C. 2941.25. The Petition for Postconviction Relief contained no supporting evidence or documentation outside of the record.
On February 5, 2001, the State filed a response to appellant's Petition. The State argued that appellant was legally incorrect in his assertion that the offenses were allied offenses. The State also contended that appellant's claim could not properly be raised in a Petition for Post-Conviction Relief [sic] since the claim was statutory in nature and postconviction relief is limited to constitutional issues.
Subsequently, on February 14, 2001, the trial court denied appellant's Petition "for the reasons contained in the [State's] memorandum contra." It is from the trial court's denial of his Petition that appellant appeals, raising the following assignments of error:
 ASSIGNMENT OF ERROR I WHETHER THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT FIRST ORDERING A HEARING TO DETERMINE WHETHER OR NOT APPELLANT'S CONVICTIONS AND SENTENCES WERE ALLIED OFFENSES OF SIMILAR IMPORT DERIVED FROM A SINGLE COURSE OF ACTION VIOLATING OHIO REVISED CODE SECTION 2941.25(A) AND THE FIFTH AND FOURTEENTH AMENDMENT [SIC] CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY.
 ASSIGNMENT OF ERROR II WHETHER STEVEN P. GRAVES WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO HAVE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSEL'S FAILURE TO OBJECT TO OFFENSES OF SIMILAR IMPORT IN VIOLATION OF THE SIXTH
AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 I
In the first assignment of error, appellant contends that the trial court abused its discretion when it denied his Petition for Postconviction Relief without first ordering an evidentiary hearing to determine whether appellant's convictions and sentences were allied offenses of similar import pursuant to R.C. 2941.25.[10] Appellant argues that the predicate acts upon which the counts were based were derived from one single episodic event. Therefore, appellant concludes that the trial court should have conducted a hearing to determine whether the offenses for which he was convicted were allied offenses of similar import. Appellant's assignment of error alleges that the trial court's failure to comply with R.C. 2941.25(A) violated his constitutional rights against double jeopardy, as provided by the fifth andfourteenth amendments to the United States Constitution.[11]
Postconviction relief is a means by which a petitioner may bring claims of constitutional violations based upon matters outside the record.State v. Perry (1967), 10 Ohio St.2d 175, paragraphs four and nine of the syllabus. R.C. 2953.21 governs petitions for post-conviction relief and states in relevant part as follows:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
. . .
 (C) . . . Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. . . . If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
A trial court's decision regarding whether or not to conduct an evidentiary hearing in post-conviction matters is governed by the "abuse of discretion" standard. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151. An abuse of discretion connotes conduct which is unreasonable, arbitrary or unconscionable. See Richard, supra.
Assuming arguendo that appellant raised constitutional claims in his petition, not all constitutional issues raised in a Petition for Postconviction may be reviewed.[12] Under the doctrine of resjudicata, constitutional issues cannot be considered in post-conviction proceedings if those issues have been or could have been fully litigated by the defendant, either before his judgment of conviction or on direct appeal from that judgment. State v. Perry (1967), 10 Ohio St.2d 175, paragraph seven of the syllabus; State v. McCollough (1992),78 Ohio App.3d 587, 591. Issues properly raised in a petition for post-conviction relief are those which could not have been raised on direct appeal because the evidence supporting such issues is outside the record. State v. Milanovich (1975), 42 Ohio St.2d 46, 50.
Appellant has presented us with no evidentiary material nor argument outside of the record in support of his claims. His claims are based wholly upon the record. While appellant failed to file a direct appeal of conviction, the issue as to whether the offenses were allied offenses of similar import and/or whether the trial court should have held an evidentiary hearing to make that determination, should have been and certainly could have been presented in such a direct appeal. Appellant's claims are res judicata and barred from our consideration. Therefore, while we base our decision on reasons other than those of the trial court, we find the trial court did not abuse its discretion in denying appellant's Petition without conducting an evidentiary hearing.
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant contends that his trial counsel was ineffective when he failed to object to the trial court's sentencing of appellant on multiple convictions which were allegedly allied offenses of similar import. Appellant did not appeal his conviction or sentence. As discussed in assignment of error I, issues based upon evidence within the record that could have been raised on direct appeal are res judicata and cannot be considered by this court pursuant to a Petition for Postconviction Relief. See State v. Perry,supra; State v. Cole (1982), 2 Ohio St.3d 112. Appellant has provided no evidence outside of the record nor presented any evidentiary material demonstrating an inability to raise his claim on direct appeal. Therefore, based upon reasons other than those of the trial court, we find appellant's argument is res judicata.
Appellant's second assignment of error is overruled.
The judgment of the Licking County Court of Common Pleas is affirmed, on other grounds.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant.
EDWARDS, P.J., GWIN, J. and WISE, J. concurs
[1] No person shall purposely cause the death of another. . . . R.C.2903.02(A).
No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense. R.C. 2923.02(A) (Attempt).
[2] No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
(2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.
R.C. 2911.11(A).
[3] No person, by force, threat, or deception, . . . by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
. . .
To terrorize, or to inflict serious physical harm on the victim or another;
R.C. 2905.01(A)(3).
[4] No person shall knowingly do either of the following:
(1) Cause serious physical harm to another . . .
 (2) Cause or attempt to cause physical harm to another . . . by means of a deadly weapon or dangerous ordnance.
R.C. 2903.11(A).
[5] No person shall knowingly cause or attempt to cause physical harm to a family or household member. R.C. 2919.25(A).
[6] No person, who is the parent . . . of a child under eighteen years of age . . . shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. . . . R.C. 2919.22(A).
[7] The record is not clear whether appellant and Vest had more children together than Devin and Kara. However, only Devin and Kara are relevant to this matter.
[8] While the Indictment and Bill of Particulars do not state how many times Vest was shot, our review of Vest's medical records reflect as many as eight gunshot wounds.
[9] North Carolina v. Alford (1970), 400 U.S. 25, discussed the entrance of a guilty plea by a defendant who still maintained his or her innocence, not a no contest plea. However, no issue as to the validity or effect of an "Alford no contest" plea is before the court.
[10] (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
R.C. 2941.25
[11] No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.
United States Constitution, fifth amendment.
[12] The trial court found, as appellee argues herein, that a violation of R.C. 2941.25 is a statutory matter and not a constitutional issue. InState v. Erwin (April 18, 1998), Licking App. No. 97CA32, unreported, this court did find that the appellant's argument concerned statutory issues as opposed to constitutional issues. First, we note that Erwin's
assignment of error did not raise a constitutional issue, but relied solely upon R.C. 2941.25. However, we note that it is possible under certain circumstances for a violation of R.C. 2941.25(A) to rise to the level of a constitutional violation. As noted by the Ohio Supreme Court in State v. Rance (1999), 85 Ohio St.3d 632,635, the double jeopardy clause prevents a sentencing court from prescribing greater punishment than the legislature intended. (Citing Missouri v. Hunter (1983),459 U.S. 359, 366.)