[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 149.]

THE STATE EX REL. RICHARD, APPELLANT, *v*. SEIDNER, WARDEN, APPELLEE.

[Cite as *State ex rel. Richard v. Seidner*, 1996-Ohio-54.]

*Civil procedure—Motion for relief from judgment—Court of appeals does not abuse its discretion in overruling a Civ.R. 60(B) motion without conducting an evidentiary hearing, when.*

(No. 96-383—Submitted June 4, 1996—Decided July 24, 1996.)

APPEAL from the Court of Appeals for Lorain County, No. 95CA006193.

————————————

{¶ 1} In February 1987, the Cuyahoga County Grand Jury indicted appellant, Donald L. Richard, Sr., on one count of aggravated murder, one count of having a weapon while under disability, and various specifications. At the commencement of the trial, the prosecutor amended the aggravated murder count to charge the lesser included offense of murder. The trial court convicted Richard of murder, having a weapon while under disability, and two firearms specifications, and sentenced him accordingly. On appeal, the judgment was affirmed. *State v. Richard* (Oct. 20, 1988), Cuyahoga App. No. 54228, unreported, 1988 WL 112872.

{¶ 2} In July 1995, Richard filed a petition for a writ of habeas corpus in the Court of Appeals for Lorain County. Richard claimed entitlement to habeas corpus relief based on his allegations that the trial court acted without jurisdiction in (1) amending the indictment charge of aggravated murder to murder, and (2) conducting a bench trial on the charge of having a weapon while under disability without strictly complying with the jury trial waiver requirements of R.C. 2945.05.

{¶ 3} The court of appeals dismissed the petition. It held that the trial court was authorized to amend the indictment because a defendant may be found guilty of a lesser included offense even if the lesser offense is not included in the indictment. *White v. Maxwell* (1963), 174 Ohio St. 186, 22 O.O.2d 140, 187 N.E.2d

878; R.C. 2945.74. The court of appeals further determined that since Richard's challenge of his murder conviction was meritless, he was not entitled to habeas corpus relief on his remaining claim attacking his conviction for having a weapon while under disability. See, *e.g., Swiger v. Seidner* (1996), 74 Ohio St.3d 685, 687, 660 N.E.2d 1214, 1216 ("Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus.").

{¶ 4} Richard subsequently filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (5), and also requested an evidentiary hearing on his motion. Richard argued, *inter alia*, that the court of appeals erred in denying the writ because he could not have been convicted of the lesser included offense of murder absent a jury instruction on the lesser offense.[1] The court of appeals overruled the motion.

{¶ 5} The cause is now before this court upon an appeal as of right.

_____

*Donald L. Richard, Sr., pro se*.

*Betty D. Montgomery*, Attorney General, and *Charles L. Wille*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 6} Richard asserts in his sole proposition of law that the court of appeals erred in overruling his Civ.R. 60(B) motion for relief from judgment without conducting an evidentiary hearing, because a genuine material dispute appears in the record.

---

1. Richard also contended in his Civ.R. 60(B) motion that if he had been permitted full discovery, he would have amended his petition to include another claim. However, since Richard does not claim any error by the court of appeals as to this Civ.R. 60(B) contention, we need not address it.

**{¶ 7}** In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 107, 647 N.E.2d 799, 801.

**{¶ 8}** In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914, 915.

**{¶ 9}** In addition, if the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 16, 5 OBR 73, 77, 448 N.E.2d 809, 812. Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B). *S. Ohio Coal Co. v. Kidney* (1995), 100 Ohio App.3d 661, 667, 654 N.E.2d 1017, 1021.

**{¶ 10}** The court of appeals properly dismissed Richard's petition for a writ of habeas corpus, since, as to his murder conviction, he alleged that the sentencing court lacked authority to amend the original indictment. Richard essentially challenged the validity of his amended indictment, a claim which is not cognizable

in habeas corpus. *Luna v. Russell* (1994), 70 Ohio St.3d 561, 562, 639 N.E.2d 1168, 1169 (Habeas corpus is not available to challenge either the validity or the sufficiency of an indictment.).

{¶ 11} Richard contends on appeal that he is entitled to relief from the dismissal of his habeas corpus petition because that dismissal was inconsistent with the facts in his criminal trial, *i.e.,* it ignored his claims that the jury was not instructed on the lesser included offense of murder. Richard apparently asserts that even assuming the propriety of the amended indictment or the ability of the jury to return a guilty verdict on a lesser included offense not charged in the indictment, he could not be convicted of the lesser included offense of murder without a jury instruction on that offense. Richard's assertion fails because any claim of an improper instruction could have been raised in his direct appeal from his conviction and sentence and consequently does not warrant habeas corpus relief. *Flora v. Rogers* (1993), 67 Ohio St.3d 441, 442, 619 N.E.2d 690; see, also, *Porter v. Ohio Parole Bd.* (Mar. 8, 1995), Lorain App. Nos. 94CA005878 and 94CA005899, unreported, 1995 WL 92147.

{¶ 12} Based on the foregoing, we find that Richard's Civ.R. 60(B) motion did not allege operative facts which would warrant relief from judgment. The court of appeals did not abuse its discretion in overruling his Civ.R. 60(B) motion without conducting an evidentiary hearing. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

———————————