DECISION AND JUDGMENT ENTRY
Savonna Bennington appeals the denial of her motion for relief from her judgment of divorce from Mark Bennington. She argues that the trial court abused its discretion by dismissing her Civ.R. 60(B) motion without an evidentiary hearing. Because we find that she did not allege operative facts that would warrant relief under Civ.R. 60(B), we disagree. Savonna Bennington also argues that the trial court erred in requiring her to present "sworn" statements in support of her motion. Because we find that Civ.R. 60(B) does not require that allegations be "sworn" under oath, we agree. However, we find the error harmless. Accordingly, we affirm the judgment of the trial court.
 I.
Savonna and Mark Bennington married in 1970. In March 1998, Mark Bennington filed a complaint for divorce. He attached a waiver of service signed by Savonna Bennington and a separation agreement signed by Savonna and Mark Bennington. When the complaint was filed, the parties had three minor children. The separation agreement designated Mark Bennington as the residential parent of the three minor children and gave Savonna Bennington "the right to visit with said children in accordance with dates and times to be arranged by mutual agreement of the parties." The separation agreement also provided for "[n]o child support * * * at this time given the current unemployment of Savonna * * * Bennington." In the separation agreement, Savonna Bennington agreed to convey her interest in the parties' home to Mark Bennington. In exchange, Mark Bennington agreed to be bound by the mortgage indebtedness on the home. The separation agreement provided that "it is the intention of the parties that the real estate be ultimately deeded to the children when they obtain the age of majority." Both parties released any claim he or she may have in the retirement benefits of the other. Mark Bennington agreed to pay all marital indebtedness. The separation agreement was signed and notarized on March 13, 1998.
The trial court held a hearing on the complaint for divorce on May 27, 1998. Savonna Bennington failed to file an answer to the complaint or appear at the hearing. The trial court granted Mark Bennington a divorce and made the separation agreement part of its order. The judgment entry of divorce was filed on May 27, 1998. No appeal was taken from the entry.
On May 28, 1999 Savonna Bennington moved, pursuant to Civ.R. 60(B), to "set aside the prior proceedings within." The memorandum in support alleged that during the divorce proceedings, Savonna was "totally and completely mentally incompetent and had no concept to what she was agreeing to or what she was giving-up (sic), medical evidence of which will be presented at the hearing on the merits." The memorandum did not address whether she brought her motion within a "reasonable time."
Mark Bennington moved to dismiss the Civ.R. 60(B) motion because the motion did not disclose the subsection of Civ.R. 60(B) on which Savonna Bennington relied, and because she failed to produce any materials containing operative facts warranting the granting of the motion.
The trial court did not have a hearing on the motion and dismissed Savonna Bennington's motion. The trial court found that Savonna Bennington failed to allege which section of Civ.R. 60(B) she sought relief under; failed to explain why her motion was filed over a year after the judgment of divorce if she sought relief from the judgment pursuant to Civ.R. 60(B)(1), (2), or (3); and failed submit materials containing operative facts sufficient to demonstrate the timeliness of the motion and a defense to the original complaint. The trial court noted "allegations must be made by way of affidavit, deposition, answers to interrogatories or other sworn testimony."
Savonna Bennington appeals and asserts the following assignment of error:
 I. The trial court abused its discretion in its interpretation of Civil Rule 60(B) to require the movant to provide operative facts in affidavits, depositions, answers to interrogatories or other sworn testimony. The trial court abused its discretion in this instance in dismissing the defendant's Civil Rule 60(B) motion without an evidentiary hearing on the motion.
 II.
We begin our discussion by noting that App.R. 9(A) limits our consideration to "original papers and exhibits thereto filed in the trial court." Consequently we cannot consider the material appended to Savonna Bennington's brief because it was not filed in the trial court. See Statev. Callihan (1992), 80 Ohio App.3d 184, 197.
In her only assignment of error, Savonna Bennington argues that the trial court mistakenly believed that a Civ.R. 60(B) motion must be supported by "sworn testimony." She also argues that the trial court should have had an evidentiary hearing on her motion.
In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. State ex rel.Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, citing RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. State ex rel. Richard at 151, citing State ex rel.Edwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106,107.
In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. RoseChevrolet at 20, citing GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.3d 146, paragraph two of the syllabus; see, also, BuckeyeFed. S. L. Assn. v. Guirlinger (1991), 62 Ohio St.3d 312, 314. If any of these three requirements is not met, the motion should be overruled.Rose Chevrolet at 20, citing Svoboda v. Brunswick (1983), 6 Ohio St.3d 348,351; Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578.
Furthermore, if the movant files a motion for relief from judgment and it contains allegations of operative facts that warrant relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify those facts before it rules on the motion. Coulson v. Coulson
(1983), 5 Ohio St.3d 12, 16. In other words, the movant is entitled to an evidentiary hearing only where the Civ.R. 60(B) motion for relief from judgment and attached evidentiary material contain allegations of operative facts that would warrant relief under Civ.R. 60(B). In theMatter of Shell (Oct. 2, 1992), Fairfield App. No. 12CA92, unreported, citing Twinsburg Banking Co. v. Rhea Constr. Co. (1983), 9 Ohio App.3d 39. However, an evidentiary hearing is not required "where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." State ex relRichard at 151, citing S. Ohio Coal Co. v. Kidney (1996),100 Ohio App.3d 661, 667.
Savonna Bennington's motion for relief from judgment did not contain allegations of operative facts that would warrant relief under Civ.R. 60(B), because her motion failed to show that she filed it within a "reasonable time." The judgment of divorce was filed on May 27, 1998. Civ.R. 6 provides that "[t]he date of the act, event or default from which the designated period of time begins to run shall not be included." Therefore, her motion for relief from the judgment of divorce, filed on May 28, 1999, was filed within one year. However, Civ.R. 60(B) requires that a motion for relief from judgment be filed "within a reasonable time, and * * * not more than one year after the judgment * * * was entered * * *." Therefore, the fact that Savonna Bennington filed her motion within one year did not relieve her of her obligation to allege operative facts showing that she brought her motion within a reasonable time.
Because Savonna Bennington did not allege operative facts relating to the timeliness of her motion that would warrant relief under Civ.R. 60(B), she was not entitled to a hearing on her motion. Accordingly, the trial court did not abuse its discretion in failing to have an evidentiary hearing or in dismissing her motion.
Savonna Bennington also argues that the trial court erred by requiring her to present "sworn" statements in support of her motion. "* * * Civ.R. 60 (B) does not require the submission of affidavits with a motion for relief from judgment, and the movant is not required to submitaffidavits, or other evidence, in support of such motion until required
to do so by rule or order of the trial court." E.A. Cox, Inc. v. Moore
(Apr. 29, 1987), Scioto App. No. 1613, unreported, quoting Matson v.Marks (1972), 32 Ohio App.3d 319, paragraph five of the syllabus. Thus, Civ.R. 60(B) does not require that allegations be "sworn" under oath. Accordingly, the trial court erred in finding that Savonna Bennington's allegations must be "sworn." However, because the trial court did not err in dismissing her motion because she did not allege operative facts showing that her motion was brought within a reasonable time, we find the error harmless. See Civ.R. 51.
Thus, we overrule Savonna Bennington's only assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Division of the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Evans, J.: Concur in Judgment and Opinion.
 ______________________________________ Roger L. Kline, Presiding Judge