OPINION
Defendant-appellant M. Theresa Evans ("wife") appeals the January 7, 2002 Judgment Entry entered by the Delaware County Court of Common Pleas, Domestic Relations Division, which denied her Civ.R. 60(B) motion for relief from judgment. Plaintiff-appellee is Raymond F. Evans, Jr. ("husband").
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on July 15, 1967. The parties separated in November, 1994, and were divorced via Judgment Entry/Decree of Divorce filed May 8, 1998. Pursuant to the Divorce Decree, the trial court awarded wife a one-half share of husband's pension plan from his employer, State Auto, and gave wife the option of receiving a portion of husband's 401(K) plan with State Auto or retaining the marital residence and other real property. Wife elected the latter option. Accordingly, husband received his entire interest in the 401(K) retirement plan.
On March 16, 2001, wife filed a Civ.R. 60(B) motion, alleging husband had failed to disclose the existence of his Supplemental Employee Retirement Plan ("SERP"), which husband received as a benefit of his employment, and which was valued in excess of $400,000.
The matter came on for hearing before the magistrate on May 14, 2001. After hearing all the evidence, the magistrate denied wife's motion for relief from judgment based upon a finding the SERP was not a qualified retirement plan and husband had no entitlement to the funds therein at the time of the parties' divorce in May, 1998. The magistrate filed his Decision on June 26, 2001. Wife filed timely objections thereto. Via Judgment Entry filed January 7, 2002, the trial court approved and adopted the magistrate's decision, overruling wife's objections.
It is from this judgment entry wife appeals, raising as her sole assignment of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO GRANT CIV. R. 60(B) RELIEF AND DIVIDE AN ADDITIONAL, UNIDENTIFIED RETIREMENT PLAN AS A MARITAL ASSET.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Herein, wife maintains the trial court abused its discretion in failing to grant her Civ.R. 60(B) motion for relief from judgment.
Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
To prevail on a motion for relief from judgment, the movant must demonstrate (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the party moves for relief from judgment within a reasonable time.[1] If any of the three requirements of GTE Automatic Electric, Inc. are not met, the movant is not entitled to Civ.R. 60(B) relief.[2]
An appellate court will not reverse a trial court's decision on a Civ.R. 60(B) motion unless the trial court abused its discretion.[3] An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable.[4]
Wife claims she was entitled to relief from judgment pursuant to Civ.R. 60(B)(3) and/or (5). We find wife has not demonstrated husband committed fraud, misrepresentation or other misconduct under Civ.R. 60(B)(3). At the magistrate's hearing, husband testified he was unaware of the existence of the SERP or any benefits which might accrue thereunder at the time of the final divorce hearing. Wife presented no evidence to dispute husband's claim, and the trial court obviously found husband's testimony to be credible.
We also find wife did not establish any other reason justifying relief from judgment pursuant to Civ.R. 60(B)(5). The testimony presented before the magistrate established the SERP is not a pension plan, but rather a supplemental benefit an employee might receive upon retirement. Payment of the supplemental benefit is entirely optional by State Auto. Any claimed interest husband may have had in this benefit at the time of the divorce was purely speculative. Additionally, the benefits thereunder were neither vested nor in existence at the time of the divorce. Because husband did not have a vested right and had not paid any funds into the SERP, the question of whether husband would ultimately receive the benefit upon his retirement was purely speculative. Accordingly, we find the SERP was not a marital asset, and the trial court properly denied wife's motion for relief from judgment.
Wife's sole assignment of error is overruled.
The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.
By: HOFFMAN, P.J. FARMER, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.
[1] GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
[2] Id. at 151.
[3] State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149,151; Strack v. Pelton (1994), 70 Ohio St.3d 172, 174.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.