DECISION AND JUDGMENT ENTRY
Lester Stephenson appeals the granting of relief from a judgment awarded to him against Elizabeth Myers by the Ross County Court of Common Pleas. He asserts that the trial court erred in granting Myers' Civ.R. 60(B) motion for relief from judgment because she failed to demonstrate excusable neglect and failed to set forth operative facts to support her claim that she had a meritorious defense to Stephenson's complaint. Because we find that the trial court abused its discretion in granting Myers' motion even though she failed to demonstrate a meritorious defense, we agree. Accordingly, we reverse the judgment of the trial court and remand this case to the trial court with special instructions.
 I.
On May 14, 2001, Jaclyn A. Clipner filed a complaint against Lester Stephenson, State Farm Mutual Automobile Insurance Company ("State Farm"), and Allstate Insurance Company ("Allstate"). The clerk of courts properly served the complaint on all defendants. On June 11, 2001, Lester Stephenson answered Clipner's complaint and filed a third-party complaint against Elizabeth Myers seeking indemnification. On June 13, 2001, Allstate filed an answer to Clipner's complaint and filed a cross-claim against Lester Stephenson. On June 21, 2001, Lester Stephenson answered Allstate's cross-claim against him.
In November 2001, State Farm filed an untimely answer to Clipner's complaint, which the trial court permitted. On November 19, 2001, Stephenson filed a motion for default judgment against Myers because she failed to plead, defend, or otherwise appear in the action. Allstate then amended its answer to include a claim against Myers.
On December 4, 2001, the trial court granted Stephenson's motion for default judgment against Myers.
On December 5, 2001, Myers filed a motion to set aside the default judgment.[3] In her supporting motion, she asserted that the "liability between the defendants Lester Stephenson and Elizabeth Myers is hotly contested." She further asserted that her attorney's excusable neglect resulted in her failure to respond to the complaint filed against her. She explained that after the Allstate attorney who was overseeing the case went on maternity leave, attorney Jane Wichman took over but was busy with other duties. She answered the complaint filed against Allstate, but, according to Myers, inadvertently failed to answer on behalf of Myers. The original attorney resigned shortly after returning from maternity leave. Allstate again assigned the case to Wichman, who was out of the office the week Stephenson filed his motion for default judgment. Once the original attorney's replacement realized the mistake, she immediately attempted to get consent from the opposing counsel to set aside the default judgment.
Myers also filed the affidavit of Attorney Wichman. In this affidavit, Wichman swore that "Myers has a meritorious defense to the allegations in the third-party complaint * * * [and the] parties have always disputed the liability allegations of this suit."
Allstate did not seek a hearing on its motion to set aside the default judgment.
On December 28, 2001, the trial court granted Myers' motion to set aside the default judgment previously entered against her.
Stephenson appeals and asserts the following assignments of error:
 "The trial court erred in granting Elizabeth Myers' Motion to Set Aside Default Judgment because, pursuant to Civil Rule 60(B), `excusable neglect' was not demonstrated by counsel for defendant Myers."
 "The trial court erred in granting Elizabeth Myers' Motion to Set Aside Default Judgment because counsel for defendant Myers failed to set forth operative facts, * * * upon which the Court might determine whether a meritorious defense was available to defendant Myers."
 II.
We consider Stephenson's second assignment of error first because it is dispositive. In his second assignment of error, he argues that the trial court erred in granting Myers' Civ.R. 60(B) motion to set aside the default judgment against her because she failed to allege operative facts that would support a finding that she had a meritorious defense.
In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. State ex rel.Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, citing RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes conduct that is unreasonable, arbitrary, or unconscionable. State ex rel. Richard at 151, citing State ex rel.Edwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106,107.
In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. RoseChevrolet at 20, citing GTE Automatic Electric v. ARC Industries (1976),57 Ohio St.3d 146, paragraph two of the syllabus; see, also, BuckeyeFed. S. L. Assn. v. Guirlinger (1991), 62 Ohio St.3d 312, 314. If one of these three requirements is not met, the motion should be overruled.Rose Chevrolet at 20, citing Svoboda v. Brunswick (1983), 6 Ohio St.3d 348,351; Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578.
Furthermore, if the movant files a motion for relief from judgment and it contains allegations of operative facts that warrant relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify those facts before it rules on the motion. Coulson v. Coulson
(1983), 5 Ohio St.3d 12, 16. However, an evidentiary hearing is not required "where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." State ex rel Richard at 151, citing S. Ohio Coal Co. v.Kidney (1996), 100 Ohio App.3d 661, 667.
"[T]he requirement that the movant demonstrate that the party has a meritorious defense or claim to present, will not be met where the movant submits an affidavit in which he asserts, in conclusory fashion, that he has a meritorious defense." Jordan v. Sitosky (Jan. 24, 1991), Cuyahoga App. No. 57913, citing Baschenbach v. Feola (Mar. 12 1987), Cuyahoga App. Nos. 51888, 51889; Riley v. Mills (Oct. 9, 1986), Cuyahoga App. No. 51165; MTS Precision Products, Inc. v. Kennedy (Feb. 13, 1986), Cuyahoga App. No. 50133.
We find that the trial court abused its discretion in granting Myers' motion for relief from judgment because she failed to demonstrate that she had a meritorious defense. Myers alleged only that she had a meritorious defense and that she "hotly contested" liability. She alleged no operative facts to demonstrate that she had a meritorious defense, as required by Rose Chevrolet and GTE Automatic. Therefore, we find that the trial court erred in granting Myers' Civ.R. 60(B) motion for relief from judgment. Accordingly, we sustain his second assignment of error.
 III.
We do not address Stephenson's first assignment of error because our disposition of his second assignment of error has rendered it moot. App.R. 12(A)(1)(c).
 IV.
In sum, we sustain Stephenson's second assignment of error and find his first assignment of error moot. Accordingly, we reverse the judgment of the trial court and remand this case to the trial court with instructions to reinstate the default judgment against Myers.
JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
[3] The trial court accepted this document for filing even though it was captioned in the Franklin County Common Pleas court.