OPINION
{¶ 1} Appellant Jack L. Murphy, Jr. appeals the decision of the Court of Common Pleas, Coshocton County, which denied his claim for postconviction relief. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} In September 2002, appellant pled guilty in the Coshocton County Court of Common Pleas to three felony counts of cocaine trafficking, and was thereupon sentenced to a total of nine years of incarceration.
 {¶ 3} On March 15, 2002, appellant filed a petition for postconviction relief. Appellant, who is African-American, therein argued that he had received harsher sentences for the aforecited convictions because of his race, in violation of his constitutional right to equal protection of the laws. The state responded with a memorandum in opposition on March 25, 2002. On May 10, 2002, the trial court issued a fourteen-page judgment entry reviewing the claims presented and thereupon dismissing appellant's petition for failure to establish a prima facie showing of any denial of equal protection.
 {¶ 4} Appellant timely filed a notice of appeal and herein raises the following sole Assignment of Error:
 {¶ 5} "I. The trial court erred to the prejudice of the defendant by denying his post-conviction petition when there was substantial evidence in the record to support his claims of a disparity in sentencing based on his race, African-American."
 I. {¶ 6} In his sole Assignment of Error, appellant contends the trial court erred in denying his petition for postconviction relief. We disagree.
 {¶ 7} Postconviction relief is a means by which a petitioner may bring claims of constitutional violations based upon matters outside the record. State v. Kreischer, Perry App. No. 01-CA-04, 2002-Ohio-357. R.C.2953.21(A)(1) governs petitions for post-conviction relief and states in relevant part as follows: "Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *" R.C. 2953.21(A)(5) specifically states: "If the petitioner in a petition filed under division (A) of this section was convicted of or pleaded guilty to a felony, the petition may include a claim that the petitioner was denied the equal protection of the laws in violation of the Ohio Constitution or the United States Constitution because the sentence imposed upon the petitioner for the felony was part of a consistent pattern of disparity in sentencing by the judge who imposed the sentence, with regard to the petitioner's race, gender, ethnic background, or religion. * * *." A trial court's decision regarding whether or not to conduct an evidentiary hearing in postconviction matters is governed by the standard of abuse of discretion. State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149,151. Moreover, the petitioner bears the burden of supporting his claim with evidentiary quality materials. State v. Massey, Stark App. No. 2001CA00136, 2001-Ohio-1746, citing State v. Jackson (1980),64 Ohio St.2d 107.
 {¶ 8} In his petition, appellant contrasted the felony sentences he and two other African-American defendants received on an aggregate tally of seven drug trafficking convictions, versus the felony sentences three white defendants received on an aggregate tally of forty-five convictions, mostly related to theft. According to appellant's calculations, the three African-American defendants received a total of twenty-five years incarceration, while the three white defendants received a total of less than eleven years incarceration on a greater number of counts. None of these claims were supported by outside documentation, save appellant's own affidavit. See Massey, supra. Moreover, by appellant's own assertions, the African-American defendants' sentences were all for trafficking or possession; the white defendants' sentences were almost exclusively for such offenses as theft with a firearm, burglary, and forgery. The only drug offense pertaining to a white defendant listed in appellant's petition was one felony-three trafficking conviction. As the trial court aptly summarized, appellant's petition "involv[ed] six different sets of crimes and involv[ed] six different individuals with divergent criminal histories and backgrounds * * *." Judgment Entry at 13. It is well-established that the Equal Protection Clauses of both the Ohio and United States Constitutions protect "similarly situated" persons from being treated differently by the government. See, e.g., State ex rel. Riter v. Indus. Comm. (2001),91 Ohio St.3d 89, 93, 742 N.E.2d 615, 618. We find appellant's arguments thus fail to meet this initial constitutional threshold.
 {¶ 9} Accordingly, the trial court did not err in denying appellant's postconviction petition nor abuse its discretion in making its ruling absent an evidentiary hearing. Appellant's sole Assignment of Error is overruled.
 {¶ 10} For the foregoing reasons, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Gwin, J., concur.
Topic: Post-conviction relief.