OPINION
{¶ 1} Bud's Automotive appeals from the trial court's June 25, 2002, notation entry overruling a Civ. R. 60(B) motion to set aside a default judgment. In its sole assignment of error, Bud's Automotive contends the trial court abused its discretion in not sustaining the motion.
 {¶ 2} The present appeal stems from a small-claims complaint that appellee Dave Greenhorn filed against Bud's Automotive in the Xenia Municipal Court on May 8, 2002. In his complaint, Greenhorn alleged that Bud's Automotive damaged his truck's transmission while installing a new engine. The court clerk subsequently informed Bud's Automotive, via certified mail, that the matter was scheduled for trial on Monday, June 10, 2002. The record contains a signature card, indicating that Bud's Automotive received the notice on May 16, 2002.
 {¶ 3} The matter proceeded to trial as scheduled, but no one from Bud's Automotive appeared. As a result, the trial court made a record in the defendant's absence. The trial court questioned Greenhorn about his claim and reviewed several exhibits. Immediately thereafter, the court entered a default judgment in his favor and awarded him damages of $3,000. Ten days later, Bud's Automotive filed a Civ. R. 60(B) motion to set aside the default judgment. Attached to the motion was an affidavit from Corey Adams, the president of Bud's Automotive. Among other things, Adams averred that he did not appear for trial because he "believed that the hearing date in this matter was set for June 12th, rather than June 10th." The trial court overruled the Civ. R. 60(B) motion by notation entry on June 25, 2002. Bud's Automotive then filed a timely appeal, advancing the assignment of error set forth above.
 {¶ 4} In order to prevail under Civ. R. 60(B), a movant is required "to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20-21. In particular, Bud's Automotive must establish (1) that it has a meritorious defense or claim, (2) that it is entitled to relief under one of the grounds set forth in Civ. R. 60(B), and (3) that its motion was filed within a reasonable time and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment at issue. State ex rel. Richard v. Seidner,76 Ohio St.3d 149, 151, 1996-Ohio-54. Relief under Civ. R. 60(B) is improper if any one of the foregoing requirements is not met. Id. In addition, if a Civ. R. 60(B) motion contains allegations of operative facts that would warrant relief from judgment, a trial court should grant an evidentiary hearing to verify those facts before ruling on the motion. Id. On the other hand, an evidentiary hearing is not required when the motion and attached evidentiary materials do not contain allegations of operative facts that would warrant relief under Civ. R. 60(B). Id.
 {¶ 5} In the present case, the trial court overruled the Rule 60(B) motion without conducting an evidentiary hearing. In support of its ruling, the trial court made the following brief notation entry: "Defendant did absolutely nothing — including hiring counsel until after judgment was issued. Whether the trial was the 10th or the 12th, he should have p[ai]d attention. Also, he had written notice served on him."
 {¶ 6} On appeal, Bud's Automotive insists that it met each of the three requirements for obtaining relief under Civ. R. 60(B). Consequently, it argues that the trial court's failure to set aside the default judgment constitutes an abuse of discretion. In connection with this argument, Bud's Automotive suggests that a hearing on its motion would have been appropriate. It also contends that the trial court demonstrated partiality toward Greenhorn and inappropriately indicated, before the Rule 60(B) motion was filed, that it would deny such relief.
 {¶ 7} Upon review, we find the arguments raised by Bud's Automotive to be unpersuasive. At the outset, we note that the trial court did not deny Civ. R. 60(B) relief on the basis that the motion was untimely or that it failed to assert a meritorious defense. Rather, we interpret the trial court's notation entry as a finding that Bud's Automotive failed to establish its entitlement to relief under one of the grounds set forth in Civ. R. 60(B). As a result, we will turn directly to that dispositive issue.
 {¶ 8} A review of the motion filed by Bud's Automotive makes clear that it sought relief under Civ. R. 60(B)(1), which provides for relief from judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. In support of the motion, Corey Adams averred that he failed to appear for the June 10, 2002, trial because he "believed that the hearing date in this matter was set for June 12th, rather than June 10th." The motion filed by Bud's Automotive provides no other justification for Adams' failure to appear, and his affidavit fails to explain the origin of his belief that trial was set for June 12, 2002.
 {¶ 9} Having examined the motion and accompanying affidavit, we cannot say that the trial court abused its discretion in declining to set aside the default judgment entered against Bud's Automotive. To the contrary, the trial court reasonably found that the motion and affidavit filed by Bud's Automotive did not demonstrate mistake, inadvertence, surprise, or excusable neglect within the meaning of Civ. R. 60(B). Although Corey Adams averred that he "believed that the hearing date in this matter was set for June 12th, rather than June 10th," his affidavit is devoid of operative facts identifying the genesis of this erroneous belief. As noted above, the notice sent by the court clerk to Bud's Automotive correctly identified the trial date as June 10, 2002. If a Xenia Municipal Court employee subsequently called Adams and misinformed him that the trial date had been changed to June 12, 2002, then we would be inclined to find a justifiable mistake or excusable neglect. On the other hand, if Adams derived his incorrect belief from reading tea leaves, then we would not be inclined to find mistake or excusable neglect within the meaning of Rule 60(B). In any event, it was the responsibility of Bud's Automotive to allege operative facts that would warrant relief from judgment. Richard, 76 Ohio St.3d at 151.
 {¶ 10} As the foregoing two hypothetical examples demonstrate, the determination of whether mistake or excusable neglect occurred "must of necessity take into consideration all of the surrounding facts and circumstances." Colley v. Bazell (1980), 64 Ohio St.2d 243, 249. "`If the movant fails to apprise the court of those surrounding facts and circumstances and the court subsequently overrules the motion, that judgment cannot be characterized as an abuse of discretion.'" Gurkovichv. AAA Mobile Home Sales Brokerage, Inc. (1990), 70 Ohio App.3d 572,574, quoting Rose Chevrolet, 36 Ohio St.3d at 21. Given Adams' failure to provide the trial court with a factual basis for his belief that trial was set for June 12, 2002, Bud's Automotive did not demonstrate its entitlement to relief under Rule 60(B)(1). As noted above, relief under Civ. R. 60(B) is improper if any one of its requirements is not met. Consequently, the trial court did not abuse its discretion in denying relief from judgment.
 {¶ 11} In addition, we note that the trial court was not obligated to conduct an evidentiary hearing. Bud's Automotive did not request such a hearing,[1] and more importantly, an evidentiary hearing is necessary only when a Civ. R. 60(B) motion alleges operative facts that, if true, would warrant relief from judgment. For example, if Adams had averred that a Xenia Municipal Court employee misinformed him of the trial date, then an evidentiary hearing would be necessary to "verify" those facts. See Richard, 76 Ohio St.3d at 151. The fatal flaw in the present case, however, is that the motion and affidavit filed by Bud's Automotive donot allege operative facts sufficient to justify granting relief from the default judgment. As explained above, Adams' affidavit is devoid of operative facts setting forth the basis for his belief that the trial date was June 12, 2002. As a result, the trial court was not required to conduct an evidentiary hearing.
 {¶ 12} Finally, we do not dispute the claim by Bud's Automotive that the trial court may have given the appearance of being partial toward Greenhorn. After announcing its intent to enter a default judgment, the trial court advised Greenhorn how to go about executing on it. The trial court also said, "I'm willing to help you as far as I legally can on this because I don't like this, either." See Transcript at 13. The trial court then opined that Bud's Automotive probably would ignore the judgment. Id. at 16. It also theorized that representatives of Bud's Automotive had failed to appear for trial because "they could not be bothered." Id. Finally, Greenhorn asked the trial court whether Bud's Automotive could seek "a retrial later on." The trial court responded: "Well let me put it this way: I can ask you for money right now. You aren't going to give it to me. Do you see what I'm saying? They can ask me for a retrial. I can't imagine why they would have any kind of claim that would be valid for a retrial. So I'm telling you right now I can't see any reason why they would be entitled to a retrial." Id. at 18.
 {¶ 13} A review of the trial transcript persuades us that the court was sympathetic to Greenhorn and irritated by the failure of Bud's Automotive to appear for trial. Although the trial court's remarks were imprudent, we are unpersuaded that they constitute a basis for reversing the denial of Rule 60(B) relief. In reaching this conclusion, we note that the trial court did not abandon its obligation to follow the law. The trial court noted that it was entering a default judgment because Greenhorn legally was entitled to one. Id. at 12. The trial court then refused to award some of the damages sought by Greenhorn, explaining that the law did not allow recovery for the expenses. Id. at 12, 15. In addition, we note that the trial court only offered to help Greenhorn execute on the judgment to the extent that the law would allow such assistance. Id. at 13. Finally, with regard to a "retrial," the trial court stated only that it was unaware of any valid claim and saw no reason why Bud's Automotive would be entitled to a retrial. Given the failure of Bud's Automotive to appear and to assert any claims or defenses, the trial court's statement was undoubtedly true. Notably, the trial court did not say that it would refuse to consider any subsequent motion filed by Bud's Automotive.
 {¶ 14} In any event, given the remarks made by the trial court, we carefully have considered the Civ. R. 60(B) motion and affidavit filed by Bud's Automotive. Having done so, we are convinced, for the reasons set forth more fully above, that the appellant was not entitled to relief from judgment. As a result, any appearance of partiality by the trial court does not warrant the reversal of its entry denying the Rule 60(B) motion. Accordingly, we overrule the assignment of error advanced by Bud's Automotive and affirm the judgment of the Xenia Municipal Court.
Judgment affirmed.
GRADY, J., and YOUNG, J., concur.
[1] At the close of its Rule 60(B) motion, Bud's Automotive did request that the trial court "vacate the default judgment and set this matter for hearing." It appears to us, however, that this reference to a hearing was not a request for an evidentiary hearing. Rather, Bud's Automotive appears to have used the term "hearing" loosely to mean "trial." Indeed, a request to vacate the default judgment and then to grant an evidentiary hearing would make no sense. If the trial court had vacated the default judgment as Bud's Automotive requested, there would have been no need to set the matter for a hearing. Instead, the matter would have been set for trial. The fact that Bud's Automotive used the word "hearing" when really meaning "trial" is also evident from the affidavit filed by Corey Adams. Therein, Adams referred to the June 10, 2002, trial date as a "hearing date."