[Cite as *In re A.L.A.*, 2016-Ohio-5887.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| A.L.A., DEPENDENT CHILD | : | |
| | : | **CASE NO. 2016-T-0022** |
| | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Juvenile Division, Case No. 2007 JS 00478.

Judgment: Affirmed.

*David M. Lynch,* 333 Babbitt Road, Suite 333, Euclid, OH 44123 (For Appellant, Daniel Mate, III).

*Susan Porter Collins,* Trumbull County Children Services Board, 2282 Reeves Road, N.E., Warren, OH 44483 (For Appellee, Trumbull County Children Services Board).

DIANE V. GRENDELL, J.

{¶1} Appellant, Daniel Mate, appeals the denial of his Motion to Vacate by the Trumbull County Court of Common Pleas, Division of Domestic Relations, Juvenile Department. The issue before this court is whether a motion to vacate based on lack of notice may be denied without hearing when it is filed over three years after the judgment sought to be vacated and after the child has been adopted. For the following reasons, we affirm the decision of the court below.

{¶2}    On January 31, 2011, the Trumbull County Children Services Board filed a Complaint alleging A.L.A., d.o.b. 01/19/2011, to be a dependent child.  A.L.A. was adjudicated dependent on February 16, 2011.

{¶3}    On September 24, 2012, Trumbull Children Services filed a Motion [Permanent Custody].

{¶4}    On October 22 and 29, 2012, the matter was heard by a magistrate of the juvenile court.

{¶5}    On November 2, 2012, a Magistrate's Decision was issued granting Trumbull Children Services' Motion and declaring Mate's parental rights "permanently and forever severed and terminated."

{¶6}    On December 5, 2012, the juvenile court approved the Magistrate's Decision.

{¶7}    On January 5, 2016, the juvenile court issued a Judgment Entry, discharging A.L.A.'s guardian ad litem and canceling its annual case review upon the finding that "a Final Order of Adoption has been granted for this child through the Probate Court of Mahoning County, Ohio."

{¶8}    On January 28, 2016, Mate filed a Motion to Vacate Order, seeking to vacate the order terminating his parental rights on the grounds that he "was not served or given an opportunity to be heard when his parental rights were terminated."  In support of the Motion, Mate's Affidavit was attached.  Mate stated, in relevant part, that he "was not served with the papers in this case and * * * was not notified of [his] opportunity to be heard."

2

{¶9} On February 9, 2016, the juvenile court denied the Motion to Vacate, finding "that notice and summons of the permanent custody trial of October 2012 was given to Mr. Mate." The Judgment Order stated, in relevant part, that Mate and his appointed counsel were present at a May 30, 2012 dispositional hearing:

> On the same date * * *, the Decision that was issued informed the parents that the permanent custody trial was set for October 22 & 29, 2012, for two full days of trial. **Both parents signed for a copy of the Decision, and the trial dates are on the same page that they signed.** * * *
>
> The Decision was typed into a final order for review by the Judge, and a copy of that May 2012 Order was mailed to both parents at their current addresses, and did not come back by the Post Office.
>
> As required by the Ohio Revised Code, summons and service was completed by the agency motion to terminate parental rights. Both parents were served with the Motion for Permanent Custody as follows:
> On Daniel Mate II, personally served on September 25, 2012 * * *.
>
> From the [December 5, 2012] Decision and Order approving the Decision of October 2012:
> At the permanent custody trial, the court appointed counsel for Mr. Mate appeared. Mr. Mate did not attend. The testimony presented was that Mr. Mate visited his son regularly up until May 2012, had a domestic dispute with his new wife, they separated and he began to reuse illegal drugs. While staying in Youngstown, he was reporting to the caseworker that he had left the state for Florida. At the last contact in September 2012 with the caseworker, he informed the caseworker that he was no longer interested in custody. Termination of parental rights was granted.

{¶10} On March 11, 2016, Mate filed a Notice of Appeal. On appeal, Mate raises the following assignment of error:

{¶11} "[1.] It is reversible error to omit an Evidentiary Hearing on a Motion to Vacate Permanent Revocation of Parental Rights when service of the Revocation Hearing Notice has been challenged by a biological parent."

3

**{¶12}** Civil Rule 60(B) provides as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

**{¶13}** "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶14}** The requirements for relief from judgment are "conjunctive," and "the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

**{¶15}** "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on

4

the motion." *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983), citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). "Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

**{¶16}** "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

**{¶17}** Mate's argument on appeal is that the juvenile court erred by denying his Motion to Vacate without holding an evidentiary hearing: "It was incumbent upon the Trial Court to at least give the Appellant the opportunity to call the process server as [a] witness so that the court could determine whether or not the service had actually been obtained legally, authentically, or if at all." Appellant's brief at 5. We disagree.

**{¶18}** Mate's Motion to Vacate was facially deficient with respect to the third requirement for relief, i.e., "the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."[1]  Mate's Motion was filed over three years after the judgment was entered and provided no explanation as to the delay or justification as to why the delay might be deemed reasonable. Thus, the juvenile court was well within its discretion to deny it. *1st Fid. Loan Servicing, LLC v. Bellina*,

---

1. Although it is immaterial to the merits of the appeal, we note that Mate's Motion to Vacate did not specify on which of the grounds for relief under Civil Rule 60(B) it was made.

5

11th Dist. Lake No. 2014-L-092, 2015-Ohio-2199, ¶ 18-19 (the issue of timeliness was "dispositive" of the appeal where the appellants gave "[n]o credible reason * * * for this delay [of almost nine months] in filing for relief from judgment"); *Shell v. Cryer*, 11th Dist. Lake No. 2001-L-083, 2002 Ohio App. LEXIS 860, 7 (Mar. 1, 2002) (motion for relief was properly denied without hearing where "appellant did not offer any operative facts or evidential material * * * to demonstrate that her motion was timely").

{¶19} More importantly, as the lower court noted in its Entry on the Motion to Vacate, the adoption of the child in December 2015, terminated its jurisdiction. Pursuant to R.C. 2151.353(F)(1), the juvenile court retains jurisdiction over a child placed in the permanent custody of a children's services agency, "until * * * the child is adopted and a final decree of adoption is issued." In a case similar to the present one, *In re Phillips*, 12th Dist. Butler No. CA2003-03-062, 2003-Ohio-5107, a parent whose parental rights had been terminated later filed a Civ.R. 60(B) motion. The Twelfth District held that the lower court lacked jurisdiction and was required to dismiss the motion, since "a final decree of adoption ha[d] been filed, and jurisdiction over the child, the adoption proceeding and related matters consequently rests with the probate division." *Id.* at ¶ 10*; also In re M.V.V.*, 10th Dist. Franklin No. 11AP-229, 2011-Ohio-4481, ¶ 7. Given that A.L.A. was adopted before Mate filed his Motion to Vacate, the court lacked jurisdiction to rule on the Motion and did not err in failing to hold an evidentiary hearing.

{¶20} Mate cites *In re Hayes*, 79 Ohio St.3d 46, 679 N.E.2d 680 (1997), in support of his position, emphasizing the importance of complying with procedural requirements and noting that termination of parental rights is "the family law equivalent

6

of the death penalty." *Id.* at 48. *Hayes* does not, however, stand for the proposition that a parent can return to court years after a termination of his rights to raise a procedural matter, especially when the child has already been adopted. As this court has recognized on many occasions, it is important to have finality in custody determinations to protect the best interest of the child. *See In re J.S.*, 11th Dist. Lake No. 2011-L-162, 2012-Ohio-4461, ¶ 27. This is especially pertinent in cases involving termination of parental rights in which children most need permanency.

{¶21} The sole assignment of error is without merit.

{¶22} For the foregoing reasons, the Judgment Order, denying Mate's Motion to Vacate, is affirmed. Costs to be taxed against the appellant.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.