[Cite as *Heskett v. Morris*, 2023-Ohio-3236.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RICHARD HESKETT | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2023 CA 00034 |
| KELLY MORRIS, ADMINISTRATOR<br>OF THE ESTATE OF KATHLEEN L.<br>MORRIS, ET AL., | |
| Defendants-Appellants | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Case No. 2022 CV 00956 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 12, 2023 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendants-Appellants |
|---|---|
| PATRICK S. CARPENTER<br>JAROD B. ROSE<br>Schaller, Campbell & Untied<br>32 North Park Place<br>Newark, Ohio 43058 | MICHAEL J. KING<br>BRANDON A. BORGMAN<br>950 Goodale Boulevard, Suite #200<br>Columbus, Ohio 43212 |

*Hoffman, J.*

**{¶1}**　Defendant-appellant Kelly Morris, Administrator of the Estate of Kathleen L. Morris, appeals the judgment entered by the Licking County Common Pleas Court denying her Civ. R. 60(B) motion for relief from the default judgment which judgement awarded Plaintiff-appellee Richard Heskett $81,572.95 on his complaint for promissory estoppel and unjust enrichment.

STATEMENT OF THE CASE[1]

**{¶2}**　On August 26, 2022, Appellee filed the instant action in the trial court against Appellant in her fiduciary capacity, and against other heirs of the Estate of Kathleen Morris individually, including Appellant in her individual capacity.　The complaint set forth claims for promissory estoppel and unjust enrichment based on Appellee's claims for funds he expended during his relationship with Kathleen Morris, which included a down payment on a house, a fence, a television, and a refrigerator.　The complaint averred Appellant, through counsel, had denied his claim against the Estate for these items in the probate case.　Appellant was served with the complaint on August 30, 2022.　Appellant failed to file a timely answer.　Appellee filed a motion for default judgment on October 18, 2023.　The trial court entered default judgment against Appellant on October 19, 2023, in the amount of $81,572.95.　However, default judgment was only entered against Appellant in her capacity as administrator of the estate, and the claims against all of the individual defendants remained pending.

**{¶3}**　Appellant filed a motion for Civ. R. 60(B) relief from judgment based on excusable neglect.　In her motion, she asserted she was uncertain when she learned of

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal.

the instant litigation, but she claimed she did not sign for or accept delivery of certified or express mail. She averred she believed her counsel in the probate case had been made aware of the instant action, and would act accordingly. She realized her error when she received the motion for default judgment, and filed an answer on November 3, 2022. The trial court denied the Civ. R. 60(B) motion, finding Appellant failed to raise a meritorious defense.

{¶4} Appellant subsequently determined the default judgment was not a final order because outstanding claims remained against the individual defendants. Appellant moved for reconsideration of the default judgment pursuant to Civ. R. 54(B) on March 21, 2023. On March 24, 2023, Appellee dismissed all outstanding claims against the individual defendants, rendering the default judgment final. At 1:21 p.m. on April 24, 2023, Appellant filed a notice of appeal from the February 15, 2023 judgment of the trial court denying her Civ. R. 60(B) motion. The trial court filed a judgment overruling her motion to reconsider pursuant to Civ. R. 54(B) at 4:11 p.m. on April 24, 2023. At 4:29 p.m. on April 24, 2023, Appellant filed a motion to convert her Civ. R. 54(B) motion into a Civ. R. 60(B) motion, which the trial court overruled on May 1, 2023.

{¶5} It is from the February 15, 2023 judgment of the trial court Appellant prosecutes her appeal, assigning as error:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO SET ASIDE ITS ENTRY OF DEFAULT JUDGMENT.

{¶6} Appellee has raised a cross assignment of error from the same judgment:

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLANT'S FAILURE TO TIMELY ANSWER APPELLEE'S COMPLAINT WAS THE RESULT OF EXCUSABLE NEGLECT.

{¶7} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶8} This appeal shall be considered in accordance with the aforementioned rule.

DIRECT APPEAL

I.

{¶9} Appellant first argues the default judgment did not become a final order until Appellee filed his notice of dismissal of the claims against the individual defendants on March 24, 2023, and therefore the trial court abused its discretion in applying the Civ. R. 60(B) standard of review rather than reconsidering and vacating the judgment pursuant

to Civ. R. 54(B).  While we do agree the judgment being appealed did not become a final appealable order until March 24, 2023, we disagree with Appellant's contention the trial court abused its discretion in applying the Civ. R. 60(B) standard of review.

{¶10}  "Under the doctrine of invited error, an appellant, in either a civil or a criminal case, cannot attack a judgment for errors committed by himself or herself, for errors that the appellant induced the court to commit, or for errors which the appellant is actively responsible." *In re J.B.,* 10th Dist. No. 11AP-63, 2011-Ohio-3658, 2011 WL 3077311, ¶ 10. "Under this principle, a party cannot complain of any action taken or ruling made by the court in accordance with that party's own suggestion or request." *Id.*

{¶11}  Appellant invited the error she now complains of by filing a motion for Civ. R. 60(B) relief.  She did not seek relief pursuant to Civ. R. 54(B) until after the trial court held a hearing on her Civ. R. 60(B) motion, and overruled the motion. Before the trial court could rule on her Civ. R. 54(B) motion, two procedurally significant events occurred: (1) Appellee dismissed the claims against the individual defendants, which rendered the default judgment a final order, making Civ. R. 60(B) and not Civ. R. 54(B) the appropriate procedural mechanism by which to seek to vacate the order; and (2) Appellant filed a notice of appeal from the judgment of the trial court overruling her Civ. R. 60(B) motion, thereby divesting the trial court of jurisdiction to consider her Civ. R. 54(B) motion.  We find the trial court did not err in considering Appellant's Civ. R. 60(B) motion under the standard of review applicable to a Civ. R. 60(B) motion.

{¶12}  Appellant next argues the trial court erred in overruling her Civ. R. 60(B) motion, finding she did not have a meritorious defense to the action.

{¶13} In *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 150–151, 351 N.E.2d 113 (1976), the Ohio Supreme Court set forth the factors necessary to recover under Civ.R. 60(B). "[T]he movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Where any one of the foregoing requirements is not satisfied, Civ.R. 60(B) relief is improper. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 1996-Ohio-54, 666 N.E.2d 1134. "A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶14} In her motion, Appellant argued she had a meritorious defense because in her role as administrator of the estate in the probate case, she denied Appellee's claims because they were not supported by sufficient proof or documentation. She attached the affidavit of Brandon Borgmann, who served as counsel to Appellant in the probate case, which averred Appellee's claim was properly rejected due to lack of sufficient proof or documentation, which he believed is a meritorious defense to the complaint in the instant case.

{¶15} We find the trial court did not abuse its discretion in finding Appellant's assertion of a meritorious defense was general and conclusory and therefore insufficient to merit Civ. R. 60(B) relief. Appellant's claim she had grounds to reject Appellee's claim in the probate court does not provide a meritorious defense to the instant action, which is

a claim for damages based on promissory estoppel and unjust enrichment asserted in the general division of the Common Pleas Court. Appellant's assignment of error is overruled.

CONDITIONAL CROSS ASSIGNMENT OF ERROR

I.

**{¶16}** In his conditional cross assignment of error, Appellee argues the trial court abused its discretion in finding Appellant's failure to answer the complaint was the result of excusable neglect. Appellee's assignment of error is rendered moot by our conclusion the trial court did not err in overruling Appellant's Civ. R. 60(B) motion for failure to set forth a meritorious defense.

**{¶17}** The judgment of the Licking County Common Pleas Court is affirmed.

By: Hoffman, J.
Gwin, P.J. and
Baldwin, J. concur