OPINION
{¶ 1} Defendant-appellant Roseanne P. Davis appeals the decision of the Jefferson County Common Pleas Court, Domestic Relations Division, journalizing an agreed entry regarding a magistrate's custody decision. She also appeals the trial court's later decision denying her Civ.R. 60(B) motion to vacate the agreed judgment entry. The issue is whether the agreed judgment entry is enforceable notwithstanding appellant's allegation that it did not accurately portray her understanding of theagreement. Specifically, appellant takes issue with a restriction in the judgment which prohibits her female paramour from being present during her parenting time with her daughter. For the following reasons, the trial court's decisions adopting the agreed entry and refusing to vacate that judgment are affirmed.
 STATEMENT OF THE CASE {¶ 2} Appellant married plaintiff-appellee James H. Davis, Sr. in December 1983. They had two children. Mr. Davis filed for divorce in November 2000. At some point, Ms. Davis began dating a Lisa Barker. On May 11, 2001, the magistrate granted temporary custody to Mr. Davis and outlining Ms. Davis's visitation rights. This decision was signed by both parties' attorneys and included the restriction, "Under no circumstances shall Lisa Barker be permitted to have any contact with the minor children."
 {¶ 3} Thereafter, the magistrate issued recommendations for the final divorce decree. In that January 28, 2002 decision, the magistrate found that Ms. Davis had been hospitalized early in the proceedings due to a chemical imbalance and threats of suicide and that her emotional condition did not appear to be wholly stable. Mr. Davis was named the residential parent, and Ms. Davis was to exercise visitation at her parents' house. The magistrate noted that Ms. Davis was living with Ms. Barker but reiterated its prior restriction against Ms. Barker being present during visitation.
 {¶ 4} Ms. Davis objected to various aspects of the decision including the designation of Mr. Davis as residential parent. She did not specifically raise the restriction against Ms. Barker's presence. The trial court overruled her objections and then entered a final decree of divorce on May 29, 2002.
 {¶ 5} Thereafter, Ms. Davis filed a motion to hold Mr. Davis in contempt for interfering with visitation. On October 7, 2002, the trial court overruled her motion and readvised, "At no time shall the Movant, Roseanne Davis, have her paramour Lisa Barker, present while she exercises her Parenting Time Rights with the minor children." No appeal was commenced.
 {¶ 6} In April 2003, Ms. Davis filed a motion for a change of custody concerning only her daughter. Ms. Davis also filed a motion for contempt, stating that Mr. Davis has been disallowing visitation when Ms. Barker is present. She claimed that Mr. Davis "wants to keep [the daughter] away from [Ms. Barker] without any good reason except his own personal reasons." We note that her complaint fails to acknowledge that prior court orders contain this restriction. However, she later filed a motion seeking deletion of the restriction against Ms. Barker's presence, arguing that there is no evidence of harm to the child and homosexuality should not be used to punish a parent.
 {¶ 7} Mr. Davis filed a competing motion for contempt, advising that Ms. Davis continually violates the order that Ms. Barker not be present during visitation and that Ms. Davis instructs their daughter to lie about Ms. Barker's presence.
 {¶ 8} The guardian ad litem opined that it was not in the daughter's best interests to restrict who can be present during visitation. The guardian ad litem also noted that Mr. Davis had a non-sexual affair with Ms. Barker before Ms. Davis began dating Ms. Barker.
 {¶ 9} The magistrate heard the action on July 29, 2003. The magistrate's decision, which was not released until October 14, 2003, granted Ms. Davis's motion for a change of custody. However, the magistrate maintained that Ms. Barker should not be present during Ms. Davis's parenting time. The magistrate noted the history of Ms. Barker's relationship with the parties and revealed that Ms. Davis has previously described Ms. Barker as a controlling, manipulative, and evil person. It was also noted that Ms. Davis asked that Ms. Barker be barred from her hospital room when she was admitted for an emotional breakdown. The magistrate concluded, "The conversations with [Ms. Barker] and [the daughter], to date, have been highly inappropriate. This Court has considered all in-chamber interviews to date. Lisa Barker's presence is an impediment to the sibling relationship if [Ms. Davis] is named as the residential parent."
 {¶ 10} Between the time of the magistrate's hearing on July 29, 2003 and the magistrate's decision on October 14, 2003, the parties came to a mutually agreeable custody schedule with equal time in alternating weeks. The parties decided that such schedule was more appropriate than that recommended by the magistrate. An agreed entry was signed by the parties, their attorneys, and the court and was filed on November 24, 2003. In this entry, the parties waived objections to the magistrate's decision but modified Mr. Davis's parenting time so that the parties had equal parenting time in alternating weeks as they had been doing since July 2003. The parties then adopted the remainder of the magistrate's decision.
 {¶ 11} On November 25, 2003, Ms. Davis's counsel withdrew per her request. On December 1, 2003, the court filed another entry, which adopted the parts of the magistrate's decision agreed to by the parties and entered judgment more fully concerning all the major issues addressed by the magistrate's decision, such as child support, income tax exemptions, health insurance, and the restriction prohibiting Ms. Barker's presence during parenting time and barring her from having contact with the children. This entry was signed by Mr. Davis and his counsel, but Ms. Davis refused to sign the entry.
 {¶ 12} Ms. Davis then retained new counsel who, on December 17, 2003, filed a Civ.R. 60(B) motion to vacate the November 24, 2003 agreed entry. On December 22, 2003, she filed notice of appeal from the November 24, 2003 judgment. This court issued a limited remand to allow the trial court to rule on the motion to vacate.
 {¶ 13} Ms. Davis's motion to vacate argued that she did not file an objection to the magistrate's decision because counsel negotiated an agreement. She noted that she agreed with most aspects of the magistrate's decision and the agreed entry but that "there are indeed a couple of issues which are not accurate and need to be addressed." She admitted she signed the agreed entry but claimed that "after further consideration," she told counsel by way of a faxed letter on November 19, 2003, that she did not wish to proceed and that he should not cause the entry to be filed. That letter was attached to the motion. However, contrary to her suggestions, the letter did not say the entry should not be filed; nor did it mention that she disputes that the entry constitutes her agreement.
 {¶ 14} The trial court held a hearing on the motion on February 23, 2004. Again much was made of Ms. Davis's letter to her prior counsel. Ms. Davis's new counsel stated that there were "just one or two what we deem are relatively small issues contained in that entry that my client's not in agreement with * * *." (Tr. 5). He later advised, "Well, when it says it adopts all the recommendations of the Magistrate, there's a provision there, too, in the Magistrate's recommendations that my client is opposed to and that's what's at issue. The actual parenting time is not." (Tr. 12). However, it was never disclosed in the motion or at the hearing what that contested issue was.
 {¶ 15} Counsel for Mr. Davis argued that since Ms. Davis failed to file objections to the October 14, 2003 magistrate's decision, she could not demonstrate entitlement to Civ.R. 60(B) relief under the facts of this case. On February 25, 2004, the trial court filed an entry overruling Ms. Davis's Civ.R. 60(B) motion to vacate. This court then allowed amendment of the notice of appeal to include this judgment.
 ASSIGNMENT OF ERROR {¶ 16} Ms. Davis's sole assignment of error provides as follows:
 {¶ 17} "The trial court abused its discretion by denying plaintiff/appellant's [sic] motion to set aside judgment pursuant to Civ.R. 60(B) and by inclusion of a restriction contrary to Established case law."
 {¶ 18} As to the original appeal of the November 24, 2003 judgment entry, we note that an appeal from a judgment cannot be based upon things that occurred de hors the record. State v.Ishmail (1976), 54 Ohio St.2d 402, 405-406. Thus, arguments about the agreement not representing her intent cannot be addressed in the appeal from the agreed entry. This is what the motion to vacate and the appeal from such motion are for. As such, the focus is on the entry denying the motion to vacate.
 {¶ 19} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate: (1) the existence of a meritorious claim or defense to present if relief is granted; (2) entitlement to relief under one of the five grounds set forth in the rule; and (3) a timely motion, not more than one year after judgment if one of the first three grounds are alleged. GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, ¶ 2 of syllabus. The trial court's decision on a motion for relief from judgment shall not be reversed absent an abuse of discretion, i.e. if the decision is arbitrary, unconscionable, or unreasonable. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77.
 {¶ 20} Here, we shall work backwards in addressing the threeGTE requirements for demonstrating entitlement to Civ.R. 60(B) relief. First, we note that the motion for relief from judgment was made less than one month after the agreed entry was filed. The issue of timeliness is not disputed.
 {¶ 21} As such, we move on to the second GTE requirement, that of establishing entitlement to relief under one of the five Civ.R. 60(B) grounds. On appeal, Ms. Davis focuses on the first ground and mentions the fifth ground. The first ground is mistake, inadvertence, surprise or excusable neglect. Civ.R. 60(B)(1). The fifth ground is any other reason justifying relief from judgment. Civ.R. 60(B)(5).
 {¶ 22} It is well-established that the grounds for invoking Civ.R. 60(B)(5) relief must be substantial. Staff Note 1970. See, also, Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,66. Moreover, Civ.R. 60(B)(5)'s "catch all" provision only applies when a more specific provision does not apply. Id.;Strack v. Pelton (1994), 70 Ohio St.3d 172, 174.
 {¶ 23} Ms. Davis did not cite Civ.R. 60(B)(1) or (5) in her motion or at the hearing before the trial court. She just cited Civ.R. 60(B) in general. Further, Ms. Davis did not use any of the key language of Civ.R. 60(B)(1) such as mistake, inadvertence, surprise, or excusable neglect. Ms. Davis's counsel stated that there were "a couple of issues which are not accurate and need to be addressed." This could be read as suggesting mistake or the like. Or, it could be interpreted as meaning that she disagreed with part of the magistrate's decision and wished she never signed the entry adopting the magistrate's decision in main part. This interpretation is especially compelling since appellant stated that she decided against the entry "upon further consideration."
 {¶ 24} Appellant argues that she thought she prevented the entry from being filed by her November 19, 2003 letter telling her attorney that his services are no longer necessary. As aforementioned, she attached this letter to her motion to vacate. However, the letter did not advise her attorney to ensure the entry is not filed. It did not explain why she signed the settlement entry in the first place. And, it did not reveal that she no longer thought the agreed entry encompassed her understanding of the negotiations. Instead, it merely thanked him for his services and disclosed that she was hiring new counsel. Thus, rather than supporting her arguments, the letter actually tends to work against her contentions.
 {¶ 25} Furthermore, Ms. Davis never explained why she signed the agreement or what she thought the terms of the agreement should have been in her 60(B) motion or during the hearing thereon Nor did she submit an affidavit from herself or her former attorney explaining her claims.
 {¶ 26} One could rationally conclude that she merely changed her mind after signing the agreed entry. In fact, at one point, she basically admitted in her motion that she changed her mind. Changing one's mind is not a ground for relief from a settlement entry. See Ellyson v. Ellyson (Jun 11, 1993), 7th Dist. No. 92C32, citing Spercel v. Sterling Indus. (1972),31 Ohio St.2d 36.
 {¶ 27} We also note that a party cannot seek relief from a settlement agreement signed by their attorney even where their attorney had no express authority to settle. Argo Plastic Prod.Co. v. City of Cleveland (1984), 15 Ohio St.3d 389. Here, we have the party seeking relief from a clearly worded settlement agreement adopting a clearly worded magistrate's decision thatthe party signed herself. There is no indication of surprise. There is no representation of neglect, excusable or otherwise. And, there are no operative facts explaining the specifics of a mistake or inadvertence.
 {¶ 28} Regardless of appellant's failure to sufficiently describe her allegations of entitlement to relief under any of the grounds presented in Civ.R.60(B), we also have problems with the third GTE requirement, that of a meritorious claim or defense. In discussing the meritorious claim or defense requirement on appeal, she states that the agreed entry did not reflect the agreement of the parties because by only changing the parenting time schedule, it adopted a portion of the magistrate's decision that she finds unacceptable. Specifically, Ms. Davis does not wish to accept the restriction which prohibits Ms. Barker from being present during her parenting time. She states that she gave up parenting time given to her by the magistrate but got nothing in return.
 {¶ 29} These arguments would more appropriately fall under the entitlement to relief GTE requirement, not the meritorious claim or defense GTE requirement. Her allegation on appeal that the settlement entry did not encompass the true agreement deals with why she is entitled to relief, not why she has a meritorious claim or defense to present if relief from the agreed entry were granted. By way of explanation, we point out that if relief were granted, then the agreement would no longer exist. Thus, complaints about the agreement not representing her wishes do not establish a meritorious claim or defense if relief were granted.
 {¶ 30} Rather, it is the following arguments she outlines that could arguably attempt to establish a meritorious claim or defense. For instance, she argues that Ms. Barker should not have been restricted from being present at visitation because case law establishes that one's custody or visitation rights should not be limited merely because they are not heterosexual. She notes that the guardian ad litem opined that Ms. Barker should not be barred from visits with appellant's daughter. Appellant concludes that the prohibition is not in her child's best interests.
 {¶ 31} First, we should note that Ms. Davis technically never appealed from the court's December 1, 2003 entry, which restated the restriction and which was the actual final appealable order as opposed to the November 24, 2003 agreed entry, which did not contain complete disposition of all the issues in its body as required by case law. See Notice of Appeal and Docketing Statement. See, also, In re Dayton, 7th Dist. No. 02JE20,2003-Ohio-6397 (explaining that the final entry adopting a magistrate's decision must set forth the parties' respective rights, duties, and obligations). Although we stated above that an appeal cannot be from items de hors the record anyway and that the motion to vacate was for such purpose, appellant's motion to vacate did not seek relief from the December 1, 2003 judgment.
 {¶ 32} Second, we point out that the restriction was contained in the magistrate's decision. However, Ms. Davis did not object to the restriction within fourteen days. After the time for filing timely objections to the magistrate' decision expires, appellant is barred from raising the legal propriety of the restriction or the factual basis therefor at a later time. See Civ.R. 53(E)(3)(d) (a party cannot assign as error on appeal the adoption of any finding of fact or conclusion of law unless that party timely objected to such finding or conclusion). The fact that a party believes that on-going negotiations will eventually negate her need to object, does not relieve a party from filing timely objections in case those negotiations fall through.
 {¶ 33} Even if the agreed entry was vacated, the fourteen-day period for filing objections to the magistrate's decision had long since run. As such, the trial court would then adopt the magistrate's decision containing this restriction due to the lack of objections. See Equibank v. Wilmont Mining Co. (Apr. 12, 1993), 5th Dist. No. CA-9161 (holding that the movant failed to establish a meritorious defense where he previously waived objections to an appraisal and sale confirmation); Conover v.Conover (Oct. 28, 1988), 11th Dist. No. 1435 (concluding that the movant could not establish a meritorious defense where he failed to object to the referee's report).
 {¶ 34} In addition, we agree with Mr. Davis's response that the restriction had nothing to do with homosexuality but rather had to do with Ms. Barker's interference with various familial relationships and with the fact that Ms. Davis herself once described Ms. Barker as a controlling, manipulative, and evil person and that she had Ms. Barker barred from her hospital room while she was being treated for an emotional breakdown. In fact, the magistrate's findings of fact do not mention the fact that she is a lesbian or infer this as a reason; instead, the magistrate spells out facially valid reasons for the restriction. Thus, even if she thought to, which she did not, Ms. Davis could not argue that the trial court would have rejected this restriction even without an objection due to an error of law or plain defect on the face of the decision as per Civ.R. 53(E)(4)(a).
 {¶ 35} Furthermore, Ms. Davis never informed the trial court of her current allegations, not in her motion or at the Civ.R. 60(B) hearing. Although a movant need not prove he will succeed on his alleged claim or defense, that movant still must set forth sufficient operative facts that if true would constitute a meritorious defense. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151. Without such operative facts, a hearing is not even necessary. Id.
 {¶ 36} Here, the trial court granted a hearing on the barest of motions. Still, on being given a second chance, no operative facts were presented at the hearing. The trial court was never informed that the entire motion for relief was based upon the restriction against Ms. Barker. Ms. Davis never mentioned what portion of the magistrate's decision that she did not intend to adopt and never made arguments concerning the legality of the restriction. Rather, she merely alluded to some unnamed inaccuracy.
 {¶ 37} Thus, regardless of the arguments Ms. Davis presents on appeal, she did not present sufficient operative facts to thetrial court surrounding any meritorious claim or defense. SeeJustham v. Fye (Mar. 29, 1996), 11th Dist. No. 95-P-0106 (stating that a mere conclusory statement that a blood test was not properly performed does not provide sufficient operative facts to establish a meritorious claim or defense). This assignment of error is overruled, and the trial court's decision is upheld.
 {¶ 38} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.